239 So.2d 282 (1970)
Theodore R. ROBINSON, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 70-104.
District Court of Appeal of Florida, Second District.
September 16, 1970.
*283 Michael O. Plunkett, Clearwater, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and Morton J. Hanlon, Asst. Atty. Gen., Lakeland, for appellee.
HOBSON, Chief Judge.
This is an appeal from a denial of a Criminal Rule 1.850, 33 F.S.A. Motion to Vacate and Set Aside Sentence and Judgment. Appellant was arrested in Clearwater, Florida, for possession of a twenty-five caliber firearm in March of 1969. Upon entering a plea of guilty to the offense charged, appellant was sentenced by the Municipal Court of Clearwater. Approximately five months later, in August of 1969, a direct information was filed by the state attorney charging appellant with felonious possession of a firearm. It is unquestioned that the information related to the same actions for which defendant had already been sentenced in Municipal Court.
Appellant, represented by the Public Defender, entered a plea of guilty to the information in the circuit court. He was thereupon sentenced in October of 1969 to a term of six months to two years, less time already spent in the Clearwater City Jail. At no time during the aforementioned proceedings did appellant raise the issue of double jeopardy under the State or Federal Constitutions.
Appellant's essential contention on appeal is that the recent decision of the United States Supreme Court in Waller v. State, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970), is retroactive and therefore renders his sentence illegal. Although it is the opinion of this court that the Waller decision is not retroactive, we need not consider this point in order to decide this appeal.
Rule 1.190(b) (1), Florida Rules of Criminal Procedure, provides that all defenses available to a defendant, other than not guilty, shall be placed before the court by a motion to dismiss. Expressly included in the defenses which must be so introduced is the plea of former jeopardy. Subsection (c) of Rule 1.190, supra, permits the court to entertain a motion to dismiss, predicated upon former jeopardy, at any time during the trial proceedings, not just prior to or at arraignment as it dictates for most other defenses. Appellant's failure to raise the issue of former jeopardy, either before or after arraignment, amounts to a waiver of that defense. Cf. Peel v. State, 150 So.2d 281 (Fla.App. 1963), cert. denied, 380 U.S. 986, 85 S.Ct. 1359, 14 L.Ed.2d 279; Champlin v. State, 122 So.2d 412 (Fla.App. 1960).
Apparently anticipating our position on the issue of waiver, appellant argues that his counsel below evidenced incompetency in failing to preserve the issue of double jeopardy by proper motion because "[a] reasonably well-informed criminal defense lawyer in Pinellas County should have known that the [Waller case (which arose in Pinellas County)] was *284 * * * before the Supreme Court. * * *" This contention is wholly without merit insofar as it relates to the issue of competency. The law of Florida on the issue of double jeopardy arising from municipal and state prosecutions of the nature involved in this appeal was well settled at the time of appellant's plea and conviction. Hilliard v. City of Gainesville, 213 So.2d 689 (Fla. 1968); Theisen v. McDavid, 34 Fla. 440, 16 So. 321 (1894). This court cannot require that court-appointed counsel serve clients as advocates, counselors, and soothsayers.
The order appealed is
Affirmed.
PIERCE, J., concurs.
McNULTY, J., concurs in conclusion only.