PIERCE, Judge.
Petitioner Theodore R. Robinson, Jr., has filed in this Court his petition for writ of habeas corpus contending that he has been placed in double jeopardy in that he has been twice tried and prosecuted for the same offense. He alleges no dates, charge or charges involved, nor any Court or Courts wherein he may have been tried. This alone should have warranted, and even dictated, a denial of the writ, but in the spirit of overly-benevolent magnanimity (which we will try not to be guilty of again) we issued the writ.
Respondent Wainwright, as custodian of Robinson, has filed his response, stating that he holds Robinson in custody by virtue of a judgment and sentence entered against him by the Pinellas County Circuit Court on October 23, 1969, upon his plea of guilty to the crime of felonious possession of firearms, and for which he was sentenced to a term in the State Prison which he is now serving.
Respondent also calls our attention to the fact that the subject matter of Robinson’s petition can be availed of, if meritorious, under CrPR 1.850, 33 F.S.A., which is exclusive until exhausted, under the pronouncement of the Florida Supreme *66 Court in Stewart v. Wainwright, Fla.1968, 206 So.2d 211. From the files of this Court it also appears that, at the time the habeas corpus petition was filed, there was pending here an appeal from an order of the Pinellas County Circuit Court denying such a motion filed in that Court by petitioner Robinson under said CrPR 1.850.
The appeal aforesaid, however, has now been determined adversely to Robinson in an opinion by Chief Judge Hobson, released here on September 16, 1970, by affirmance of the order appealed, and no petition for rehearing or other steps for further review have been filed or taken by him. See Robinson v. State of Florida, 239 So.2d 282, opinion filed September 16, 1970.
Under the holding of Stewart v. Wainwright, supra, we would be and are authorized to proceed to determine the merits of the instant habeas corpús proceeding. We therefore direct our attention to the merits of the instant case.
The sole reliance of Robinson in his petition for habeas corpus is that his release from custody is required because he was placed in double jeopardy when tried and convicted in the lower Court, apparently relying upon Waller v. State, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970).
However, CrPR 1.190(b) (1), requires that all defenses available to a defendant in a criminal case, other than a plea of not guilty, “shall be made only by motion to dismiss * * * whether the same shall relate to matters of form, substance, former acquittal, former jeopardy, or any other defense.” (Emphasis supplied).
The record before this Court, both in this habeas corpus proceeding and the former appeal in the CrPR 1.850 case aforesaid, fails to show that such motion was made by Robinson at any time subsequent to the filing of the information. Such failure amounts to a waiver of the defense of former jeopardy or double jeopardy, under the clear provision of CrPR 1.190 aforesaid.
In addition to the foregoing, the petition for habeas corpus averred only a bare conclusion of double jeopardy, alleging no facts whatever in support thereof. This Court can act only upon facts clearly alleged, not conclusions of the movant.
For the foregoing reasons, the petition for the writ is denied and this habeas corpus proceeding dismissed.
HOBSON, C. J., and McNULTY, J., concur.