248 So.2d 219 (1971)
Guillermo SUIERO, Appellant,
v.
STATE of Florida, Appellee.
No. 70-541.
District Court of Appeal of Florida, Fourth District.
April 30, 1971.
Rehearing Denied June 8, 1971.
*220 Harold Mendelow, Manners & Amoon, Miami, Charles Snowden, North Miami, for appellant.
Charles W. Musgrove, Asst. Atty. Gen., West Palm Beach, Robert L. Shevin, Atty. Gen., Tallahassee, for appellee.
MAGER, Judge.
Appellant was convicted of conspiracy to violate the gambling laws and with setting up and promoting an unlawful lottery for money in Palm Beach County. Appellant seeks reversal on the basis that the trial below subjected him to double jeopardy; that the trial court erred in denying his motion to suppress evidence alleged to have been illegally obtained; and that the trial court was in error in placing the venue of the crime in Palm Beach County.
From a careful examination of the record of the proceedings and the law applicable to the facts sub judice we are of the opinion that the contentions of the appellant are without merit and the judgment of the trial court should be affirmed.
An amended information naming the appellant and others was filed in the Criminal Court of Record of Palm Beach County on December 17, 1968. On January 6, 1969, appellant filed a motion to suppress "any and all evidence whatsoever in the possession of the state" alleging that such evidence was obtained and seized in violation of the appellant's rights under the Florida and federal constitutions. Appellant, in his brief, predicates his claim of double jeopardy upon actions taken by the trial court in a criminal proceeding previously conducted in the Criminal Court of Record in and for Dade County, Florida. Appellant contends that the actions taken by the trial court in Dade County allegedly suppressing certain evidence collaterally estopped the state from introducing the same evidence in the trial below; that the utilization of such evidence below constituted double jeopardy.
It is fundamental that appellate review is confined to the record on appeal, Sheldon v. Tiernan, Fla.App. 1962, 147 So.2d 593. A review of the record on appeal in the case sub judice reveals that the record is devoid of any evidence pertaining to the Dade County proceedings. Nor does the record contain a transcript of the proceedings before the trial court either corroborating or substantiating appellant's factual allegations in his brief. The motion to suppress, filed below, is also devoid of any reference to the Dade County proceedings. Accordingly, this court is precluded from considering appellant's *221 allegation of double jeopardy based upon these prior proceedings. [1] Moreover, the record on appeal reflects the appellant's failure to raise the issue of double jeopardy or collateral estoppel in the trial court below. Such failure amounts to a waiver of that defense. Robinson v. State, Fla.App. 1970, 239 So.2d 282, and Robinson v. Wainwright, Fla.App. 1970, 240 So.2d 65. We observe, however, that even had this defense been properly raised, based upon the weight of authority, the contentions of the appellant are without merit. State ex rel. Larkins v. Lewis, Fla. 1951, 54 So.2d 199; see also Kennick v. State, Fla.App. 1958, 107 So.2d 59, citing Burnes v. State, 1925, 89 Fla. 494, 104 So. 783; 9 Fla.Jur., Criminal Law, § 199, p. 227; 21 Am.Jur.2d, Criminal Law, § 176, citing People v. Jackson, 20 N.Y.2d 440, 285 N.Y.S.2d 8, 231 N.E.2d 722, cert. den. 391 U.S. 928, 88 S.Ct. 1815, 20 L.Ed.2d 668. See also United States v. Oppenheimer, 1916, 242 U.S. 85, 37 S.Ct. 68, 61 L.Ed. 161, 3 A.L.R. 516.
The second contention raised by the appellant and properly before this court for consideration is that the trial court below erred in failing to suppress certain evidence in possession of the state. Appellant asserts that the evidence was seized in violation of his constitutional rights. The basis of appellant's contentions is the lack of probable cause in the affidavits giving rise to the issuance of certain search warrants.
Under Section 12 of the Declaration of Rights, Florida Constitution F.S.A., and the Fourth Amendment to the Constitution of the United States, no search warrant is issuable except on "probable cause". Probable cause cannot be based on mere suspicion, it must be based on facts known to exist; and the test of what constitutes probable cause is not whether the evidence would be admissible for the purpose of proving guilt at a trial but rather whether the information would lead a man of prudence and caution to believe that the offense has been committed. Aguilar v. State of Texas, 1964, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723; Draper v. United States, 1959, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327; 29 Fla.Jur., Search and Seizure, § 18. In Draper (upon which decision the Supreme Court of the United States relied in Aguilar, supra, and Spinelli v. United States, 1969, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637, cited by appellant), the Supreme Court in discussing "probable cause" observed:
"`In dealing with probable cause, * * as the very name implies, we deal with probabilities. These are not technical they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.' Brinegar v. United States, supra, 338 U.S. 160, at page 175, 69 S.Ct. 1302, at page 1310, 93 L.Ed. 1879. Probable cause exists where `facts and circumstances within their [the arresting officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed. Carroll v. United States, 267 U.S. 132, 162, 45 S.Ct. 280, 288, 69 L.Ed. 543."
The appellant relies upon the United States Supreme Court decision in Spinelli v. United States, supra, in support of his contention that the affidavits in the case sub judice giving rise to the search warrants are insufficient to meet the constitutional objectives of "probable cause". A reading of Spinelli clearly reflects that appellant's reliance is misplaced since the affidavit under consideration in Spinelli is distinguishable from the affidavit in the *222 case sub judice. This distinction is poignantly revealed in the very recent decision by the Supreme Court of Florida, in State v. Smith, Fla. 1970, 233 So.2d 396. In the Smith case the Supreme Court was called upon to determine the sufficiency of a search warrant issued pursuant to an affidavit of police officers which affidavit was based in part on certain personal observations as well as information from a "reliable confidential informer." The Supreme Court in upholding the validity of the search warrant observed in part:
"We have carefully reviewed the decisions of the United States Supreme Court in Spinelli v. United States and Aguilar v. Texas. The affidavits held insufficient in those cases were based almost entirely on reports received from informers without supporting factual allegations showing reliability and `underlying circumstances.' The interpretation of Spinelli and Aguilar urged by respondents herein, would require the striking of a search warrant based on affidavits referring to tips from confidental informers not meeting Aguilar's test, even though the affidavit contained sufficient independent statements based on personal knowledge of the affiant. We are unwilling to adopt such a rule and do not believe Aguilar and Spinelli require it. An affidavit which is otherwise sufficient is not tainted by reference to a confidential tip, even though that tip be inadequate in itself under the Aguilar and Spinelli cases.
"The United States Supreme Court concluded its opinion in the Spinelli case with the following statement:
`[W]e do not retreat from the established propositions that only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause * * *; that affidavits of probable cause are tested by much less rigorous standards than those governing the admissibility of evidence at trial * * *; that in judging probable cause issuing magistrates are not to be confined by niggardly limitations or by restrictions on the use of their common sense * * *; and that their determination of probable cause should be paid great deference by reviewing courts * * *.'" (Emphasis ours.)[2]
The affidavits in the case sub judice are based almost entirely on the personal observations of the police officers who were the affiants, such observations and surveillances of the activity of appellant and others having been undertaken: (1) as a result of information received from a "reliable informant" and (2) as a result of information received from a person specifically named in such affidavit as having been previously convicted of lottery violations. Based upon the information the police officers received, they did not seek the issuance of a search warrant but rather undertook a surveillance observation at which time the officers observed various meetings where "slips of paper" were passed and "brown paper bags" were carried in and out of certain residences which later became the object of the search warrant. A careful reading of the affidavits in the case sub judice reflect their similarity to the facts in State v. Smith, supra, found by our Supreme Court to satisfy the "probable cause" criteria; a careful reading of the affidavits in the case sub judice will also reveal: (1) their dissimilarity with the affidavits under consideration in Aguilar, supra where a search warrant was issued based entirely on an affidavit reciting the receipt of "reliable information from a credible person" and nothing more; (2) a dissimilarity with the affidavit under consideration in Spinelli, supra where a search warrant was issued based upon information from a "confidential reliable informant that William Spinelli is operating a handbook and accepting wagers" coupled with *223 observations of Spinelli traveling to and from an apartment building which apartment contained two separate telephones. The test in Spinelli, wherein an affidavit is predicated almost entirely upon an "informer" or a "tip" is that in order for the constitutional requirement of "probable cause" to be satisfied under such circumstances, the affidavit should (1) set forth the underlying circumstances necessary to enable a magistrate independently to judge the validity of the informant's conclusions, i.e. it is especially important that the tip describe the accused's criminal activity in sufficient detail that the magistrate may know that he is relying on something more substantial than a casual rumor circulating in the underworld of an accused based merely on the accused's general reputation; (2) that the affidavit should set forth some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, was "credible", that his information was reliable, i.e. supporting the claim of credibility or reliability to the extent that a magistrate when presented with such support can reasonably infer that the informant had gained his information in a reliable way. This test need not be applied to the case sub judice inasmuch as the affidavits were based almost entirely on personal observation of the affiant police officers.
In addition to our determination that the affidavits in the case sub judice comply with the constitutional requirements as enunciated in the aforementioned cases, we seriously question the authority of the appellant to challenge the validity of such warrants absent some allegation of some connection between the appellant and the searched premises. The right to immunity from unreasonable searches and seizures can be asserted only by him whose rights are violated. 29 Fla.Jur., Search and Seizure, § 7. In Robinson v. State, Fla.App. 1967, 194 So.2d 29, the Second District Court, in commenting upon the question of the standing to attack the legality of a search, stated:
"The last three points raised in this appeal concern the validity of the search warrant and the search and seizure which occurred under it. The facts show that it is the search of the apartment occupied by Co-Defendant Lucas that appellant is attacking. The record reveals that Lucas was arrested in front of the building and that Lucas led the police officials to his apartment and opened it with his key. Appellant was not present in Lucas' apartment when the search took place. In the case of Jones v. United States, 1960, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, the court pointed out that:
`In order to qualify as a "person aggrieved by an unlawful search and seizure" one must have been a victim of a search or seizure, one against whom the search was directed, as distinguished from one who claims prejudice only through the use of evidence gathered as a consequence of a search or seizure directed at someone else * * *.'
"Jones had the right to challenge the search because he was present when the search took place even though merely as a guest of the apartment owner. Such is not the situation in the present case as the appellant here was not present when Lucas' apartment was searched."
See also Kish v. State, Fla.App. 1966, 192 So.2d 315; 78 A.L.R.2d 246 discussing "nature of interest in, or in connection with, premises searched as affecting standing to attack legality of search"; United States v. Grosso, 3 Cir.1965, 358 F.2d 154, rev'd on other grounds, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906. The record on appeal fails to indicate the standing of the appellant with respect to the searched premises; on the contrary, the affidavits and search warrants contained in such record as well as the motions to suppress filed by other defendants below would seem to reflect *224 ownership by persons other than the appellant.
With respect to the appellant's last contention that he has a "constitutional right to be tried in the community in which the alleged crime took place", we are of the opinion that the appellant's constitutional rights have in this respect been protected and preserved. The record reflects that appellant was charged with conspiracy to commit a felony, to wit, operation of a lottery in Palm Beach County. The record also reflects a tri-county activity, to wit, Dade, Palm Beach and Okeechobee Counties. F.S. Section 910.06, F.S.A., provides that "where a person in one county commits an offense in another county the trial may be in either county". Although we are not aware of a Florida case directly on point the general tenor of the decisions in other jurisdictions is that a prosecution for a criminal conspiracy may be brought in the county where the unlawful combination is formed or in any county where the overt act is committed by any of the conspirators in furtherance of the unlawful confederacy. See Dec.Dig., Criminal Law, § 112(3). See also People v. Buono, 1961, 191 Cal. App.2d 203, 12 Cal. Rptr. 604; State v. Wells, 1967, 249 S.C. 249, 153 S.E.2d 904.
In summary it is our opinion that the defense of former jeopardy or collateral estoppel is not applicable based upon the fact that such defenses were not properly asserted below and even if properly raised do not apply to the facts in the case sub judice in view of the judicial pronouncements discussing the criteria and applicability of such defenses; that the affidavits and search warrants under consideration meet the "probable cause" test enunciated by the highest court in this state and the United States; that there has been no showing of any standing to challenge the sufficiency of such affidavits and search warrants; that a charge of conspiracy may be tried either in the county in which the unlawful combination is formed or in the county where the overt act was committed by any of the conspirators in furtherance of such unlawful confederacy. Accordingly the decision of the trial court is affirmed.
Affirmed.
WALDEN and REED, JJ., concur.
NOTES
[1] Appellant attached to his brief a copy of a search warrant relating to a premises in Dade County and a copy of a transcript of proceedings before a judge of a criminal court of Dade County, which attachments cannot cure omission from the record on appeal. See Bailey v. State, Fla.App. 1965, 173 So.2d 708; see also 2 Fla.Jur., Appeals §§ 207, 224.
[2] See also Paula v. State, Fla.App. 1966, 188 So.2d 388, and State v. Lewis, Fla.App. 1969, 225 So.2d 170.