262 So.2d 244 (1972)
Harry Lee BELL, Appellant,
v.
STATE of Florida, Appellee.
No. 71-392.
District Court of Appeal of Florida, Fourth District.
May 19, 1972.
*245 Walter N. Colbath, Jr., Public Defender, and Charles W. Musgrove, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Nelson E. Bailey, Asst. Atty. Gen., West Palm Beach, for appellee.
RICHARDSON, GEORGE, Jr., Associate Judge.
Appellant Bell was found guilty on April 15, 1971, by a jury of robbery and possession of a short barreled shotgun and was sentenced on March 16, 1971.
When appellant was arraigned, he pled not guilty to four counts as follows:
1. Conspiracy to commit a felony
2. Grand larceny
3. Possession of short barreled shotgun
4. Carrying concealed firearm.
On February 10, 1971, the appellant, with leave of court, withdrew his plea of not guilty and entered a plea of guilty as to count 1, conspiracy to commit a felony and attempted grand larceny, a lesser offense under count 2. On March 19, 1971, appellant Bell voluntarily filed a motion to withdraw the guilty pleas which after due consideration was granted by the court.
On March 24, 1971, a new information was filed in four counts as follows:
1. Conspiracy to commit a felony
2. Robbery
3. Possession of short barreled shotgun
4. Carrying concealed firearm,
and on March 29, 1971, appellant entered a plea of not guilty on each count. After conviction on counts 1 and 2 of the new information and denial of a motion for new trial, appellant brought this appeal based on four assignments of error.
Assignments 2, 3 and 4 are without merit, so they will not be discussed. However, assignment of error 1 which was as follows:
"The trial court erred in permitting the defendant to stand trial on a higher charge than he pled to,"
raises the issue of double jeopardy.
The first time this defense has been raised by the appellant is on appeal and so the failure of the appellant to raise the issue of double jeopardy in the trial constitutes a waiver of that defense. Suiero v. State, 248 So.2d 219 (Fla.App. 1971); Robinson v. State, 239 So.2d 282 (Fla.App. 1970).
When the appellant withdrew his plea of guilty and it was accepted by the court, it was as if a plea had never been entered ab initio. To hold otherwise would cause the trial courts to be apprehensive of accepting or allowing the withdrawal of a plea because such discretionary action might prevent justice from being carried out.
As Chief Justice Cardozo said, "But justice, though due to the accused, is due to the accuser also. The concept of fairness must not be strained till it is narrowed to a filament. We are to keep the balance true."
Accordingly, the judgment of the trial court is affirmed.
Affirmed.
WALDEN and OWEN, JJ., concur.