389 So.2d 1065 (1980)
Roger CHAPMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 80-415.
District Court of Appeal of Florida, Fifth District.
October 22, 1980.
Rehearing Denied November 25, 1980.
*1066 James W. Durden, Leesburg, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
Appellant was charged by an information with kidnapping and sexual battery. He was found guilty of the lesser included offense of false imprisonment and a lesser included offense of sexual battery. Appellant moved for a new trial, and the trial court granted it. Appellant was then charged by a second information with the original offenses of kidnapping and sexual battery. He was tried and convicted as charged. Appellant complained of double jeopardy for the first time by way of a motion to vacate pursuant to Florida Rule of Criminal Procedure 3.850. The trial court denied the motion.
On appeal of that denial, appellant contends that a defendant who has been tried for a greater offense and convicted of a lesser included offense, and then granted a new trial, cannot subsequently be retried on the greater offense.[1] However, the record before this court fails to show that the appellant timely moved against the information and he therefore waived his double jeopardy defense. Bell v. State, 262 So.2d 244 (Fla.4th DCA 1972); Robinson v. Wainwright, 240 So.2d 65 (Fla.2d DCA 1970); Robinson v. State, 239 So.2d 282 (Fla.2d DCA 1970); Annot., 8 A.L.R.2d 285 (1949). Rule 3.190(b), Florida Rules of Criminal Procedure, provides that all defenses available by plea, other than a plea of not guilty, shall be made only by motion to dismiss the indictment or information. Expressly included in such defenses is former jeopardy.
Accordingly, the order denying the motion to vacate is
AFFIRMED.
ORFINGER, J., concurs.
FRANK D. UPCHURCH, Jr., J., concurs specially with opinion.
FRANK D. UPCHURCH, Jr., Judge, concurring specially.
While I concur with the majority opinion in as much as it accurately follows well established precedent, the rule is harsh and does no service to the doctrine of waiver.
Rule 3.640(a), Florida Rules of Criminal Procedure, states:
New Trial for Greater Offense Prohibited.
When a new trial is granted, the new trial shall proceed in all respects as if no former trial had been had except that when an offense is divided into degrees or the charge includes a lesser offense, and the defendant has been found guilty of a lesser degree or lesser included offense, he cannot thereafter be prosecuted for a higher degree of the same offense or for a higher offense than that of which he was convicted. (Emphasis supplied.)
Yet, this defendant was convicted of a greater offense at his second trial and all agree that he should not have been.
To constitute a valid waiver, there must be an intentional relinquishment of a known right. United States v. Brown, 569 F.2d 236 (5th Cir.1978). While that knowledge may be constructive, see Wilds v. Permenter, 228 So.2d 408 (Fla.4th DCA 1969), to impute it in this situation strains justice. The defense was first raised on February 11, 1980, by motion to vacate judgment and sentence following the trial of January 22.
The trial judge did not understand the rule. The basis of his ruling was his incorrect belief that if defendant moves for a *1067 new trial which is granted, the matter is treated as though no trial had ever been held. (See Footnote One.) The defendant's trial attorney did not understand the rule or he would certainly have raised the right at an appropriate time. We can also assume that the State Attorney was unaware of defendant's right unless we are willing to impute to him a deliberate abridgement of defendant's constitutional rights, which I am not. Therefore, to suggest that defendant, whose mental abilities are conceivably somewhat lower than the judge and the attorneys, constructively knew of his right and intentionally relinquished it, is totally unrealistic. To impose upon him the penalty for a crime for which by law "he cannot thereafter be prosecuted" under Rule 3.640(a) is indefensible, regardless of how abhorrent his acts may be to us.
Appellant should be afforded a remedy, and were it not for the clear precedent of the cases cited by Judge Cobb, I would dissent.
NOTES
[1] Case law supports appellant on the merits. Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957); Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969); Ray v. State, 231 So.2d 813 (Fla. 1970); Johnson v. State, 27 Fla. 245, 9 So. 208 (1891). See also Rule 3.640(a), Fla.R.Crim.P.