438 So.2d 127 (1983)
Howard McGEE, Appellant,
v.
STATE of Florida, Appellee.
No. AN-86.
District Court of Appeal of Florida, First District.
September 19, 1983.
*129 David A. Davis, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for appellant.
Kathryn L. Sands, Asst. Atty. Gen., Jacksonville, for appellee.
ZEHMER, Judge.
Appellant Howard McGee seeks reversal of the trial court's judgment and consecutive five-year sentences on each of seven counts of bail bond jumping in violation of § 843.15, Florida Statutes (1981), by willfully failing to appear at a single hearing scheduled in seven felony cases against him.[1] McGee makes five contentions: (1) that the court erred in adjudging him guilty and sentencing him to consecutive five-year sentences on each of the seven counts; (2) that the evidence was insufficient to support a finding of willfulness; (3) that the court erred in not severing the seven counts; (4) that the court erred in denying his efforts to stipulate to the felony charges on which he had been released on bond and thereby avoid prejudicial evidence of each pending felony charge going to the jury; and (5) that the court erred in refusing to give his requested instruction on circumstantial evidence. We affirm in part and reverse in part.
After being charged in seven separate informations with some 18 felony offenses, McGee pleaded not guilty to all, posted a blanket $50,001 bail bond upon the usual conditions, and was released from jail while awaiting further hearings and trials on those offenses. McGee informed his privately retained counsel and his bondsman that he would be residing at his mother's house in Jacksonville. Upon his attorney's advice, McGee signed several forms for waiver of appearance at a hearing scheduled for October 1, 1981, in these cases. Thereafter, a pretrial conference was scheduled in all of the cases for October 7. McGee was represented by his attorney but did not appear at that hearing. The trial judge passed the hearing to the next day, with directions to McGee's counsel to have McGee present. When McGee failed to appear on October 8, the court ordered the bond estreated, capiases issued for McGee's arrest, and a forfeiture hearing set for November 4. Between October 8 and November 4, McGee's counsel and the bondsman made a number of unsuccessful attempts to locate McGee, although contact was made with McGee's mother at her house. McGee failed to appear on November 4 and the court scheduled the trial of one case and pretrial conferences in the other six cases for November 9, 1981. Neither McGee's counsel nor the bondsman were able to reach McGee, and when he failed to appear on November 9, the trial court reestreated the bond and again issued capiases for his arrest in each of the seven cases.
McGee was arrested on November 24, incarcerated, and ultimately charged in a single amended information containing seven counts with failing to appear on November 9, in violation of § 843.15, Florida Statutes (1981). Each count related to one of the seven pending felony cases, all of which had been scheduled for hearing on November 9 at the same time before the same judge.[2] *130 Two motions to dismiss filed by McGee were denied. McGee was tried, adjudged guilty on all seven counts, and immediately sentenced to serve the maximum sentence of five years on each count, consecutively. After this sentence was imposed, each of the seven pending felony cases in which McGee had not appeared on November 9 were nol prossed by the state attorney.
McGee's argument that the evidence was insufficient to prove the requisite willfulness under § 843.15, Florida Statutes, is without merit. The argument is premised primarily on his contention that he had signed waivers of appearance so that his counsel could appear for him without the necessity of McGee also being personally present. McGee further contends that the evidence fails to show that he ever received actual notice that his presence was required at any of the hearings, including the hearing on November 9. To counter this argument, the state did not contend that McGee had actual notice, but introduced evidence to prove that McGee had deliberately and willfully taken action to evade all communications from his counsel and from the bondsman, thereby avoiding receipt of any notice of hearings. The evidence indicated that it was part of a strategy devised by McGee and his retained counsel to delay the bringing of these charges on for hearing and trial in order to prevent revocation of McGee's nearly completed parole. No useful purpose will be served by a lengthy recitation of the facts and inferences argued by McGee, for the record is amply sufficient to establish a deliberate course of conduct by him to avoid receiving such notices.
There are few Florida decisions construing § 843.15, Florida Statutes, and none dealing with this theory of willful evasion; but the decisions that construe and apply substantially similar provisions in the federal bail bond jumping statute, 18 U.S.C. § 3150,[3] are persuasive. The federal courts have repeatedly held that receipt of actual notice by the defendant is not necessary in order to prove the required willfulness. "A defendant's failure to appear because he purposefully engaged in a course of conduct designed to prevent him from receiving notice to appear can clearly be as `willful' as when he receives and deliberately ignores a notice to appear." United States v. Cohen, 450 F.2d 1019, 1021 (5th Cir.1971); United States v. Bright, 541 F.2d 471, 476 (5th Cir.1976), reh. denied, 544 F.2d 518 (5th Cir.1976), cert. denied, 430 U.S. 935, 97 S.Ct. 1560, 51 L.Ed.2d 780; United States v. DePugh, 434 F.2d 548 (8th Cir.1970), cert. denied, 401 U.S. 978, 91 S.Ct. 1208, 28 L.Ed.2d 328. We believe the reasoning underlying that rule to be valid and agree that it should be applied to prosecutions under § 843.15, Florida Statutes. Accordingly, we find no error in the trial court's having submitted this issue to the jury and having accepted its verdict of guilty.
McGee's next contention, that the court erred in not severing the seven counts for separate trial, is also without merit. *131 Each count arose out of a single failure to appear for hearing on November 9, and the evidence in support of each count was the same. No abuse of discretion by the trial court has been shown. Menendez v. State, 368 So.2d 1278 (Fla. 1979); Eagle v. State, 249 So.2d 460, 465-66 (Fla. 1st DCA 1971). This argument is made, for the most part, because of McGee's perception that he was prejudiced by having the jury informed of the 18 substantive offenses on which he was being held. But the basis of this severance argument is inconsistent with the proof and his contention, discussed infra, concerning the illegality of his conviction and imposition of a separate sentence on each of the seven counts.
McGee further argues that he could not and did not receive a fair trial because the state refused McGee's offer to stipulate that he was being held on felony charges and insisted on proving those felony charges by introducing copies of the seven informations in evidence. McGee points out that he desperately, but unsuccessfully, attempted to avoid such prejudice by filing a motion in limine to exclude this evidence. This tactic by the state of introducing the seven informations does present problems of fairness, as discussed in Fouts v. State, 374 So.2d 22 (Fla. 2d DCA 1979), the decision principally relied upon by McGee. But we believe McGee's argument based on Fouts is not viable in view of the more recent decision by the Supreme Court in Parker v. State, 408 So.2d 1037 (Fla. 1982), and we simply refer to our discussion of these cases in disposing of a similar argument made in one of McGee's recent appeals in a related case. McGee v. State, 435 So.2d 854 (Fla. 1st DCA 1983), opin. denying rehearing.
The failure of the trial court to give McGee's requested instruction on circumstantial evidence is not reversible error. The opinion and order of the Supreme Court approving the standard jury instructions in criminal cases, 431 So.2d 594, accepted the committee's recommendation to dispense with an instruction on circumstantial evidence in accordance with the rule in Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954), with the proviso that the trial judge could, in his or her discretion, give such an instruction if it appeared to be necessary under the peculiar facts of a particular case. We find no abuse of discretion in failing to give the instruction in this case.
McGee's principal argument, that he was illegally convicted and illegally given consecutive sentences on seven separate offenses of bail bond jumping because he failed to appear at a single hearing on November 9, requires reversal of the judgment and sentence as to six of the seven counts of the information. The purpose of § 843.15 is to punish those who, while released on bail, do not obey the requirements of the court to appear before it or some other judicial officer at a specified time and place. The gravamen of the offense is the failure to appear at the time and place specified, not how many offenses or cases are pending and scheduled for disposition on that particular occasion. Hence, McGee committed only one statutory offense and the multiplication of McGee's failure to appear on a single occasion into seven separate offenses and sentences violated McGee's constitutional right to protection against double jeopardy. Miles v. State, 418 So.2d 1070 (Fla. 5th DCA 1982).
The state argues, however, that McGee did not properly and timely raise the defense of double jeopardy by motion to dismiss in the trial court, citing Chapman v. State, 389 So.2d 1065 (Fla. 5th DCA 1980), and Williams v. State, 397 So.2d 438 (Fla. 3d DCA 1981). The state also urges that the convictions and sentences should be upheld under State v. Hegstrom, 401 So.2d 1343 (Fla. 1981). We do not agree for the following reasons.
Counsel for McGee filed motions to dismiss but did not assert double jeopardy as a ground for dismissing the clearly multiplicitous information. Why this ground was omitted in view of counsel's later asserted objection leads one to speculate that counsel for McGee had misconceived the purpose of the double jeopardy clause as precluding *132 multiple sentencing rather than prosecution in one trial on multiple charges which amount to no more than one offense.[4] By no stretch of the imagination, however, can one conclude that McGee knowingly and intentionally waived his rights under the double jeopardy clause to be convicted and sentenced for only one offense for failure to appear.
In any event, when the trial court adjudicated McGee guilty and imposed seven consecutive five-year sentences at the conclusion of the trial, McGee's counsel objected, arguing that McGee had committed only one offense. Thereafter, McGee's counsel filed a motion for new trial and a motion to correct the sentence on the ground of double jeopardy. These motions were vigorously argued to the court at a subsequent hearing. Although denying the motion for new trial, the trial judge was so uncertain about the double jeopardy question that he granted the motion to correct sentence, vacated the consecutive sentences previously imposed, and rescheduled the case for sentencing. At the next hearing, the issue was vigorously argued again. At no time did the state ever suggest to the trial court that the double jeopardy defense had been waived and should not be considered. In effect, McGee's counsel sought vacation of and, as a logical consequence, dismissal of the convictions and sentences as to six of the seven counts, although his motions did not use these precise words.
However, the trial court ultimately decided to find McGee guilty of seven offenses and to resentence him to seven consecutive terms on the strength of the Supreme Court's decision in Borges v. State, 415 So.2d 1265 (Fla. 1982).[5] The difficulty with the trial court's having relied upon the Borges and Hegstrom decisions to sustain the multiple convictions and sentences in this case is simply that McGee did not, by reason of his conduct on this one occasion, commit separate offenses under one statute or violate two statutes; he committed only one offense under one statute involving a single event not separated in time from any other offense charged. Miles v. State, supra.
Moreover, in Bell v. State, 437 So.2d 1057 (Fla. 1983), the Supreme Court provided much needed clarification of its opinions in Borges and Hegstrom. The court held in Bell that by enacting § 775.021(4) the legislature did not intend separate convictions and punishments when, in fact, only one crime has been committed,[6] and, further, that both conviction and sentence must be vacated if imposed in violation of the double jeopardy clause, without distinction as to whether obtained in a single trial or by successive prosecutions. Applying the Bell definition of double jeopardy, we conclude that McGee was proven to have committed only one offense under a single statute and his convictions and sentences on six counts of the information must be reversed and vacated.
We are mindful of the state's contention based on Chapman that as a *133 general rule the defense of double jeopardy is waived if not raised by motion to dismiss under Rule 3.190(b), Florida Rules of Criminal Procedure. However, we note that in Chapman the defendant raised the defense for the first time on appeal. In the cases cited by the court in Chapman, the double jeopardy defense was apparently never raised before the trial court imposed sentence after adjudication of guilt. Rule 3.190(c) authorizes the trial court to entertain a motion to dismiss on grounds of double jeopardy at any time. In view of this provision of the rule, we believe that the objections and arguments presented by McGee's counsel before final adjudication and imposition of sentence were sufficiently timely to preserve this defense and avoid waiver under the rule. We will not permit form to override substance or procedural technicalities to defeat fairness and justice. The efforts of defense counsel were not insufficient because the magic word "dismiss" was not used as dismissal was the manifest purpose and ultimate objective of counsel's arguments to the trial court before it lost jurisdiction of the case.
Moreover, the trial court actually granted McGee relief on grounds of double jeopardy, and the state never objected to McGee's counsel raising this ground in the trial court. Thus, the state itself may be said to have waived "its technical objection" based on untimeliness in asserting this defensive matter. See State v. Giardino, 363 So.2d 201 (Fla. 3d DCA 1978). Also, there is authority to the effect that an appellate court should correct fundamental error for violation of the double jeopardy clause irrespective of whether a motion to dismiss was filed in the court below. Muszynski v. State, 392 So.2d 63 (Fla. 5th DCA 1981).
Appellant's conviction and sentence on the first count of the information is AFFIRMED. As to the second through seventh counts of that information, the convictions are REVERSED and the sentences are VACATED. The case is REMANDED for entry of judgment and sentence in accordance with this opinion.
ROBERT P. SMITH, Jr., and WENTWORTH, JJ., concur.
NOTES
[1] Section 843.15, Florida Statutes, provides in part:

Whoever, having been released pursuant to chapter 903, willfully fails to appear before any court or judicial officer as required shall incur a forfeiture of any security which was given or pledged for his release and, in addition, shall:
(a) If he was released in connection with a charge of felony or while awaiting sentence or pending review by certiorari after conviction of any offense, be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. .. .
[2] Count One of the Amended Information for "Bail Bond Jumping" charged that:

HOWARD MCGEE on the 9th day of November, 1981, in the County of Duval and the State of Florida, having been charged with a felony in the Circuit Court of the Fourth Judicial Circuit of Florida, in and for Duval County, Florida, Case Number 81-5407, and having been released pursuant to Chapter 903 Florida Statutes, willfully failed to appear before the Court as required, contrary to the provisions of Section 843.15, Florida Statutes.
Counts Two through Seven were identical but for the single exception that the case number in each count was different.
We do not quote these allegations as models of clarity for charging an offense under § 843.15, for it is impossible to determine exactly what was required of the defendant regarding his appearance on November 9. We suggest the type of specificity alleged in the information quoted in Miles v. State, 418 So.2d 1070, n. 1 (Fla. 5th DCA 1982) as preferable.
[3] 18 U.S.C. § 3150, provides in pertinent part:

Whoever, having been released pursuant to this chapter [18 USCS §§ 1341 et seq.], willfully fails to appear before any court or judicial officer as required, shall, subject to the provisions of the Federal Rules of Criminal Procedure, incur a forfeiture of any security which was given or pledged for his release, and, in addition, shall, (1) if he was released in connection with a charge of felony, or while awaiting sentence or pending appeal or certiorari after conviction of any offense, be fined not more than $5,000 or imprisoned not more than five years, or both... .
[4] This view was consistent with State v. Hegstrom, supra.
[5] The transcript reflects the following discussion by the trial judge:

Had I this Borges case at the time it was argued before I would not have set aside the consecutive sentences. I did not have the advantage of having that case at that time. As I have stated earlier, I have read it, and reread it, and reread it, and reread it. At one moment I thought it meant one thing and the next day I thought it meant something else. I have convinced myself I was correct in the first instance. Therefore, based on this case, and if I'm wrong then the Supreme Court can simply tell me I'm wrong or the DCA, I'm going to  since I have set aside the previous judgment, rather than reinstating it I'm just going to resentence, that is, I will find him  adjudicate him guilty on all seven counts in Case No. 82-761, and I will sentence him to a period of five years on each of the seven counts, each to run consecutively to the other.
[6] In Bell v. State, the Court, discussing the test for double jeopardy in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), said:

In a pure sense of the definition, two offenses are `the same' if they are identical in law and fact. That is, that one statute has been violated once.
437 So.2d at 1058.