460 So.2d 954 (1984)
William D. JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 83-51.
District Court of Appeal of Florida, Fifth District.
December 13, 1984.
*956 Robert S. Hobbs of Harry M. Hobbs, P.A., Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Mark C. Menser, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
This case involves questions as to whether jeopardy attaches when a nolo contendere plea is unqualifiedly, unconditionally accepted by the trial court; whether the acceptance of a plea was based on a material misrepresentation made to the court by the defendant; and whether a violation of a defendant's double jeopardy constitutional rights constitutes fundamental error.
This case is considered en banc because we recede from certain of our previous decisions.
Defendant, charged with a felony and three related misdemeanors, negotiated a plea agreement pursuant to which defendant entered a plea of nolo contendere to three misdemeanors (one being a lesser offense of the felony charged) and the State agreed to not prosecute the fourth misdemeanor. As part of the plea taking dialogue defendant answered negatively the following question asked by the trial court:
Have you withheld any information from him [appellant's trial defense counsel] or not told him anything that you ought to tell him but, for whatever reason, just haven't told him?
The trial judge accepted the pleas as freely and voluntarily entered, adjudicated defendant guilty on the nolo pleas, ordered a presentence investigation and deferred sentencing. Learning from the pre-sentence report that defendant had a prior felony conviction and an undesirable military discharge, on his own initiative the trial court vacated and set aside the nolo pleas and adjudications of guilt and set the case for trial at which defendant was convicted on all four original charges and sentenced to prison on the felony charge. This appeal is from the denial of a 3.850 motion claiming violation of constitutional double jeopardy rights.
The State does not contend that jeopardy did not attach upon acceptance of the pleas but contends that by withholding from his own lawyer information as to his prior felony conviction and dishonorable military discharge and by answering the above question from the trial judge, defendant was guilty of a misrepresentation constituting good cause to set aside the accepted nolo contendere pleas, citing Brown v. State, 367 So.2d 616 (Fla. 1979), and Lerman v. Cornelius, 423 So.2d 437 (Fla. 5th DCA 1982).
In Brown the State agreed to accept a guilty plea to an offense less than that charged in exchange for Brown's agreement to testify against a co-perpetrator. After Brown's guilty plea to the lesser charge was accepted Brown refused to keep his promise to testify. The supreme court held that although the guilty plea had been accepted double jeopardy did not bar a prosecution on the original charge because *957 Brown's guilty plea was accepted on condition that Brown later testify and when Brown refused to perform the condition subsequent the trial court had authority to vacate the conditional plea and the State could prosecute the original charge. In this case, however, defendant's nolo plea was not entered subject to his performance of any condition subsequent which he failed to perform.
In Lerman a negotiated nolo contendere plea was accepted and in ordering a presentence investigation the trial court, in effect, placed a condition on the acceptance of the plea by telling Lerman that he would have to stay out of trouble if he expected the court to honor the terms of the plea agreement relating to withholding adjudication, placing Lerman on probation and limiting any jail time imposed as a condition of probation. At sentencing the trial court placed Lerman on probation unaware that after the plea was accepted Lerman had been charged with the commission of another crime. This court cited Brown and held that Lerman had violated a condition imposed by the court on the acceptance of a negotiated plea which justified the trial court vacating the plea and sentence because Lerman's failure to advise the court at sentencing of the intervening criminal charge amounted to a misrepresentation to the court as to his compliance with the court's condition that qualified the acceptance of his plea. However, in this case, there was no qualification to the judicial acceptance of defendant's pleas.
If the State desires to condition its plea agreement, or the trial judge desires to condition the acceptance of a negotiated plea, on the truth of representations or the keeping of promises made by or on behalf of a defendant, this can be done. But the representations or promises made by the defendant and the fact that the plea is conditioned on the truth of the representations or performance of the promises, should be made clear and specific. Neglect, oversight or omissions as to these matters by the prosecutor or the trial judge cannot, and should not, be viewed as being the result of some failure of the defendant to meet some claimed duty to fully inform his own counsel as to his criminal and military history or to be the result of some failure of defense counsel to volunteer unrequested information that might adversely affect the interest of his client. In negotiating a plea agreement with the State and in presenting a negotiated plea to the trial court for acceptance a defendant and his counsel have a duty to answer truthfully all relevant inquiries made but ours is an adversary system and neither defendant nor his counsel have any duty to volunteer unsought information unfavorable to the defendant. There was no legal cause to set aside defendant's unconditional, unqualified nolo contendere pleas in this case because of any misrepresentation to the trial court by the defendant or his counsel.
After an unconditional nolo contendere plea to a lesser offense than charged is unqualifiedly accepted by the trial court, jeopardy attaches[1] preventing the plea from being set aside and the original charges from being reinstated in the absence of a motion by the defendant to set aside the accepted plea and the absence of a knowing, intelligent and intentional consent or waiver, or an affirmative material misrepresentation of fact made to the court by the defendant.
*958 The State also argues that defendant waived his double jeopardy rights by not filing a motion to dismiss the reinstated charges under Florida Rule of Criminal Procedure 3.190(c) or otherwise objecting to the trial court's action until the filing of his 3.850 motion for post-conviction relief. These are, in effect, assertions of the contemporaneous objection rule and the harmless error statutes.
A violation of defendant's substantive constitutional double jeopardy rights constitutes fundamental error. Such a fundamental error is per se harmful and judicially correctable without a showing of prejudice. Such a fundamental error is not subject to the harmless error statutes[2] or to the contemporaneous objection rules and waivers implied from the failure of defense counsel to present the issue by a pre-trial motion to dismiss (as permitted by Fla.R.Crim.P. 3.190(c)) or failure of counsel to object or to otherwise present the issue at trial[3] and the fundamental error may be presented for the first time on appeal or collaterally attacked in post-conviction proceedings such as by motion under Rule 3.850.[4] The silence or inaction resulting from the failure of counsel to timely and effectively assert constitutional double jeopardy rights, or to object to a violation of those rights, does not constitute a valid implied waiver of those rights or of their violation.
This court has previously held that the violation of a defendant's constitutional double jeopardy rights does not constitute a fundamental error but is subject to the contemporaneous objection rule. See Garcia v. State, 444 So.2d 969 (Fla. 5th DCA 1983); Drakes v. State, 400 So.2d 487 (Fla. 5th DCA 1981), review denied, 411 So.2d 381 (Fla. 1981); Chapman v. State, 389 So.2d 1065 (Fla. 5th DCA 1980). These cases were based on the authority of cases decided in two other district courts of appeal.[5] However this court has also held to the contrary by treating the violation of double jeopardy rights as fundamental error and granting relief when the issue was first presented on direct appeal. See Goss v. State, 398 So.2d 998 (Fla. 5th DCA 1981); Muszynski v. State, 392 So.2d 63 (Fla. 5th DCA 1981). See also Vela v. State, 450 So.2d 305 (Fla. 5th DCA 1984). See also McGee v. State, 438 So.2d 127 (Fla. 1st DCA 1983) (dictum). The First District Court of Appeal, in Solomon v. State, 442 So.2d 1030 (Fla. 1st DCA 1983), expressly held a double jeopardy violation to be fundamental error. Apparently the Florida Supreme Court has not yet addressed this exceptionally important question.
Our decision in this case is not based on the precedential authority of, or argument in, the cases cited but on our appreciation of the value and fundamental nature of the basic constitutional right involved; our perception of the quality and magnitude of the legal error involved in its violation and of our belief that an adequate legal remedy must be provided for a violation of that right. Rule 3.850 specifically provides a remedy for a prisoner "claiming the right to be released upon the ground that the judgment was entered, or that the sentence was imposed, in violation of the Constitution or Laws of the United States or of the State of Florida... ."
Because of the complexity of the substantive constitutional double jeopardy right, and of its violation, a defendant charged with a criminal offense must necessarily rely on the legal professionals involved in the criminal justice system to see *959 that right is not violated. The defense counsel, the prosecutor, and the trial judge each have a sworn duty to uphold the constitution and to provide the defendant with a trial that does not violate his basic constitutional rights. Double jeopardy rights are always violated by the prosecution of a defendant twice for the same offense and this always occurs in the presence of the trial judge. When it does occur silence, inaction, or other failure of defense counsel to recognize, and object to, the violation should not be assumed to be an intentional relinquishment of a known right by the defendant. It is difficult to conceive of an appropriate tactical or strategic reason for waiving the error that results from the violation of double jeopardy rights. When double jeopardy rights are violated it is highly probable that both the violation and the failure to object have occurred inadvertently. If and when a proper occasion occurs for a defendant to intentionally forgive a violation of his double jeopardy rights that will also be a fit occasion for the record to clearly show the circumstances under which the defendant made a knowledgeable, intentional and intelligent waiver of the violation of this constitutional right.
In this case there was no explicit, intelligent, intentional waiver of the fundamental error involved in the violation of appellant's constitutional double jeopardy rights. Accordingly the order setting aside the nolo contendere pleas and adjudication of guilt is reversed; appellant's convictions and sentences based on jury verdicts are also reversed and vacated and the cause is remanded for sentencing on the three misdemeanor charges in keeping with the original plea agreement and the nolo contendere pleas accepted by the court. Of course, appellant is entitled to credit against new sentences imposed for time served under the sentences here vacated.
Pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v) we certify the following questions to be of great public importance:
(1) Does a criminal conviction based upon the defendant being twice put in jeopardy for the same offense in violation of Article I, Section 9 of the Constitution of the State of Florida, constitute a fundamental error in the trial proceedings?
(2) If so,
(a) Is the fundamental error per se harmful and reversible without a specific showing of prejudice?
(b) To be effective must a waiver of the constitutional right, or of the fundamental error resulting from its violation, be made knowingly, intentionally and intelligently and not merely implied from silence or inaction of the defendant or his counsel?
(c) Is the fundamental error subject to correction when raised for the first time on direct appeal, in post-conviction proceedings (Florida Rule of Criminal Procedure 3.850), notwithstanding contemporaneous objection rules and harmless error statutes?
REVERSED AND REMANDED.
SHARP and COWART, JJ., concur.
ORFINGER, J., concurs specially with opinion.
FRANK D. UPCHURCH, Jr., J., concurs specially with opinion.
COBB, C.J., dissents with opinion in which DAUKSCH, J., concurs.
ORFINGER, Judge, concurring specially.
I concur in the result of the majority opinion that a claim of former jeopardy is a constitutional right of such fundamental magnitude that it may be raised for the first time on appeal. As a member of the original panel which heard the case I initially felt compelled to follow our earlier cases of Garcia, Drakes and Chapman, cited in both the majority and dissenting opinions here, but on further reflection I have concluded that we should recede from them in the interest of justice. It may very well be that the failure to raise former jeopardy at the trial level is a deliberate act, but I *960 choose to believe that in almost every (if not in every) case where jeopardy applies and is not raised at trial level, the failure to raise it stems either from ignorance of the existence of facts which make the plea applicable, or from the failure of counsel to recognize it. One need only read the opinions issued from this court as well as from all other courts to quickly reach the conclusion that the defense of former jeopardy is not easily recognizable or even understandable. Adding to our confusion is the seemingly changing definition of former jeopardy by our highest court. See Ohio v. Johnson, ___ U.S. ___, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984). For these reasons I have reconsidered my position and have concluded that justice will best be served by permitting a defendant to raise that issue for the first time on appeal notwithstanding the authority to the contrary. Since our supreme court has not addressed the question, I agree that the question should be certified as one of great public importance. I therefore concur in the certification of question (1) in the majority opinion, which I believe to be the only question which requires submission to the supreme court.
FRANK D. UPCHURCH, Jr., Judge, concurring specially.
I concur with Judge Orfinger for the reasons stated in my concurring opinion in Chapman v. State, 389 So.2d 1065 (Fla. 5th DCA 1980).
COBB, Chief Judge, dissenting.
Although a persuasive argument can be made that a violation of a defendant's constitutional right against double jeopardy is fundamental error, most courts which have passed on the issue have held that it is not. Numerous cases throughout the country, both state and federal, have adhered to the view that failure to raise the defense of former jeopardy at trial waives it for all future proceedings. See 8 A.L.R.2d 285, 296, and cases cited therein.
In Florida, the Second and Fourth Districts follow the majority view. See, e.g., Bell v. State, 262 So.2d 244 (Fla. 4th DCA), cert. denied, 265 So.2d 50 (Fla. 1972); Suiero v. State, 248 So.2d 219 (Fla. 4th DCA 1971); Robinson v. Wainwright, 240 So.2d 65 (Fla. 2d DCA 1970); Robinson v. State, 239 So.2d 282 (Fla. 2d DCA 1970). On the other hand, Solomon v. State, 442 So.2d 1030 (Fla. 1st DCA 1983), found such fundamental error. No cases are cited in Solomon, however, in support of that finding.
Florida Rule of Criminal Procedure 3.190(b) states that former jeopardy is an affirmative defense which "shall be made only by motion to dismiss the indictment or information... ." Subdivision (c) thereof provides that the trial court "may at any time entertain a motion to dismiss" on the ground of jeopardy. These provisions seemingly contemplate that former jeopardy must be raised at the trial level.
This court previously has come down on both sides of this question,[1] indicating that this en banc consideration is somewhat overdue. In view of the apparent uncertainty in this area, I agree this issue should be certified to the Florida Supreme Court for resolution. Based on our decision in Chapman v. State, 389 So.2d 1065 (Fla. 5th DCA 1980), and the authorities cited above, I dissent.
DAUKSCH, J., concurs.
NOTES
[1] The trial court's acceptance of a nolo contendere plea is a matter wholly within the trial court's discretion, but when that discretion is exercised by a formal pronouncement that the plea is accepted, it is binding on the State and on the defendant, who is thereby placed in jeopardy as if he had pled guilty. See Fla.R.Crim.P. 3.172(f); Brown v. State, 367 So.2d 616 (Fla. 1979). In Florida an acceptance of a plea has legal significance, and once jeopardy has attached a court may not set aside a nolo contendere plea previously accepted without legal cause. See State ex rel. Wilhoit v. Wells, 356 So.2d 817 (Fla. 1st DCA 1978), cert. denied, 359 So.2d 1222 (Fla. 1978). See also Reyes v. Kelly, 224 So.2d 303 (Fla. 1969), cert. denied, 397 U.S. 958, 90 S.Ct. 961, 25 L.Ed.2d 142 (1970). As to Ohio v. Johnson, ___ U.S. ___, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984), this court has taken its position, see Bean v. State, 9 FLW 2082 (Fla. 5th DCA Sept. 28, 1984).
[2] §§ 59.041 and 924.33, Fla. Stat.
[3] See, e.g., Florida Rule of Criminal Procedure 3.390(d) and section 90.104(1)(a), Florida Statutes, but especially note section 90.104(3), Florida Statutes.
[4] Relief from the violation of double jeopardy rights has been granted indirectly in post-trial proceedings, see, e.g., Chapman v. State, 442 So.2d 1024 (Fla. 5th DCA 1983); Wilson v. Eastmoore, 419 So.2d 673 (Fla. 5th DCA 1982).
[5] See Bell v. State, 262 So.2d 244 (Fla. 4th DCA 1972), cert. denied, 265 So.2d 50 (Fla. 1972); Suiero v. State, 248 So.2d 219 (Fla. 4th DCA 1971); Robinson v. Wainwright, 240 So.2d 65 (Fla. 2d DCA 1970); Robinson v. State, 239 So.2d 282 (Fla. 2d DCA 1970).
[1] For example, as pointed out in the majority opinion, Garcia v. State, 444 So.2d 969 (Fla. 5th DCA 1983), Drakes v. State, 400 So.2d 487 (Fla. 5th DCA), review denied, 411 So.2d 381 (Fla. 1981), and Chapman v. State, 389 So.2d 1065 (Fla. 5th DCA 1980), support a finding of waiver. On the other hand, the cases of Goss v. State, 398 So.2d 998 (Fla. 5th DCA 1981), and Muszynski v. State, 392 So.2d 63 (Fla. 5th DCA 1981), support a finding of fundamental error.