QUINCE, PEGGY A., Associate Judge.
This case involves the disposition of three charges of failing to appear for sentencing. The State challenges the trial court’s dismissal of a failure to appear charge in circuit court case number 97-17376. Davis challenges his convictions in circuit court case numbers 97-15636 and 97-15965 for two additional counts of failing to appear at the same sentencing hearing. We affirm in part and reverse in part.
Davis was charged in three separate infor-mations with several counts of driving with license suspended or revoked, leaving the scene of an accident, and obstructing without violence. He entered guilty pleas in exchange for a sentence of 26.5 months. The sentence was conditioned on Davis reporting for sentencing on a date certain, July 14, 1997. As a result of Davis’ failure to appear on that date, the State filed three separate informations charging him with failure to appear. Davis was arrested, and sentencing was scheduled for December 15,1997.
At the sentencing hearing, the trial judge was informed of the three failure to appear charges as well as the charges on the underlying cases. The State asserted that Davis had entered pleas to everything but one failure to appear. It was further explained that Davis was to receive a sentence of 26.5 months if he had appeared for sentencing on July 14, 1997. Davis explained to the court that he did not appear on July 14 because he had to take his mother to the hospital; he had called to give the court that information and was told he had to bring some kind of notice. Counsel for Davis had subpoenaed Davis’ mother but she was not present.
Davis requested a suspended sentence, and the court offered him the original 26.5 months. Thereupon, the State told the court that Davis scored 38 months in prison, including the failure to appear charge. Davis then stated he would take the 26 months, and the court indicated it would dismiss the failure to appear charge since Davis had shown good cause for failing to appear. Davis was sentenced to 26.5 months. The State read into the record five case numbers, including two of the failure to appear cases.
We address the cross-appeal first because it directly affects the disposition of the issue raised in the State’s appeal. Davis argues that it was error to convict him twice for the same offense — the single occurrence of failing to appear at sentencing. We agree. Imposing multiple convictions based on a single occurrence of failing to appear is error. See McGee v. State, 438 So.2d 127 (Fla. 1st DCA 1983); Miles v. State, 418 So.2d 1070 (Fla. 5th DCA 1982). Accordingly, the conviction in circuit court case number 97-15965 is vacated and the conviction in circuit court ease number 97-15636 is affirmed. On remand, Davis must be sentenced with a score-sheet that includes only one failure to appear conviction.
The State challenges the dismissal of the third failure to appear charge. A review of the record reflects that the dismissal of this charge by the trial court was, in effect, an acquittal which the trial court was without authority to enter without the benefit of a trial. Nevertheless, in light of our decision on the cross-appeal, and without condoning the action of the trial court, we affirm the dismissal. We remand these cases for recalculation of the scoresheet and resentencing in accordance with this opinion.
CAMPBELL, A.C.J., and FULMER, J., Concur.