EVANDER, J.
Appellant contends the trial court erred by denying his motion for discharge on speedy trial grounds. We affirm.
Appellant was charged in two separate cases of contracting without a license during an emergency and grand theft. He filed a notice of expiration of speedy trial in the first case on November 28, 2005 and a similar motion in the second case on December 5, 2005. On December 9, 2005, pursuant to a plea agreement, appellant entered a nolo contendere plea to the contracting offense charged in the first case and the grand theft offense charged in the second case.
At the conclusion of the plea colloquy, the trial judge stated:
At this time, I will find this plea is knowingly, freely and voluntarily entered with full knowledge of its meaning and effect. And that I’m going to judge you guilty of both counts and then I will *1289 set sentencing for Thursday at 1:00. That is going to be the 15th of December, December 15th, 1:00.
After hearing from the victims at the sentencing hearing, the trial judge announced she had decided not to accept appellant’s plea. It appears the trial court believed the sentence should be more severe than that called for by the plea agreement. Defense counsel argued that the court had already accepted the plea and questioned whether the court had the authority to subsequently reject the plea. Defense counsel further objected to his client’s right to speedy trial being extinguished by a rejected plea and sought to reinstate the notice of expiration. The court ordered a transcript of the plea hearing and reset the matter for the following week. Appellant immediately thereafter filed motions for discharge in each case.
At the next hearing, the trial judge again took the position that she had not accepted appellant’s nolo contendere plea. Appellant’s counsel argued that if the plea had not been accepted by the court, then appellant was entitled to be discharged on speedy trial grounds. The state acknowledged appellant would probably be entitled to discharge if the court had not accepted appellant’s plea. However, the state argued (as defense counsel had argued at the prior hearing) that the court had, in fact, unconditionally accepted appellant’s plea and, therefore, could not subsequently reject the plea. As a result, the state contended appellant had waived his right to speedy trial. The trial judge maintained the position that the plea had not been accepted, denied the motions for discharge, and set the case for trial at a later date.
Approximately six weeks later, the parties reconvened. The trial judge indicated a willingness to sentence appellant pursuant to the terms of the original plea agreement. Appellant subsequently entered “a new plea,” but reserved the right to appeal the speedy trial issue. The state argued it was unnecessary for the court to take a second plea. The court engaged in a plea colloquy with appellant, accepted the plea, and sentenced him in accordance with the terms of the original plea agreement.
We find appellant’s initial plea had been unconditionally accepted by the court. Johnson v. State, 460 So.2d 954 (Fla. 5th DCA 1984), approved, 483 So.2d 420 (Fla.1986). Although the trial judge did not specifically state “I accept the plea,” she did adjudicate appellant guilty on the two counts to which he had entered pleas of nolo contendere. The adjudication could only have been based on the court’s acceptance of appellant’s plea.
Having accepted appellant’s plea, the trial court could not subsequently reject the plea based on the victims’ objections or the trial court’s change of mind. As this court explained in Johnson:
The trial court’s acceptance of a nolo contendere plea is a matter wholly within the trial court’s discretion, but when that discretion is exercised by a formal pronouncement that the plea is accepted, it is binding on the State and on the defendant, who is thereby placed in jeopardy as if he had pled guilty.... In Florida, an acceptance of a plea has legal significance, and once jeopardy has attached a court may not set aside a nolo contendere plea previously accepted without legal cause.
460 So.2d at 957 n. 1.
A trial court’s disagreement with the recommended sentence does not constitute legal cause so as to permit a court to set aside a previously accepted nolo contendere plea. Jupin v. State, 664 So.2d 1031 (Fla. 2d DCA 1995).
*1290 Of course, the trial judge was not bound by the sentencing terms of the plea agreement. The trial judge could have simply sentenced appellant to a harsher sentence if she felt that was appropriate — provided appellant was afforded the opportunity to withdraw the plea. Goins v. State, 672 So.2d 30 (Fla.1996). See also State ex rel. Wilhoit v. Wells, 356 So.2d 817 (Fla. 1st DCA), cert. denied, 359 So.2d 1222 (Fla.1978).
By virtue of the entry and acceptance of appellant’s nolo contendere plea, appellant waived his right to a speedy trial. See Scott v. State, 866 So.2d 213 (Fla. 3d DCA 2004); Cambrick v. State, 593 So.2d 613 (Fla. 2d DCA 1992).
AFFIRMED.
GRIFFIN and PALMER, JJ., concur.