**PARIS et al. v. UNITED STATES.**

No. 5095.

Circuit Court of Appeals, Fourth Circuit.

July 28, 1943.

R. Beverley Herbert, of Columbia, S. C. (Herbert & Dial and Geo. L. Dial, Jr., all of Columbia, S. C., on the brief), for appellants.

Ben Scott Whaley, Asst. U. S. Atty., of Charleston, S. C. (Claud N. Sapp, U. S. Atty., of Columbia, S. C., on the brief) for appellee.

Before PARKER, DOBIE, and NORTHCOTT, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is an appeal from an order entered in the District Court of the United States for the Eastern District of South Carolina on March 1, 1943.

Thomas C. Paris, one of the appellants, who had entered into a recognizance for his appearance in the sum of $750 with appellants, William Pie Dawkins and Dosa Belle Paris as his sureties, was indicted for a violation of Section 73, Title 18 U.S.C.A. The case was first called for trial on October 13, 1942, and on being arraigned he pleaded guilty. When the court proceeded to consider an appropriate sentence, Paris made statements as to the facts which caused the court to doubt his guilt and the prisoner was directed to withdraw his plea of guilty. At this time the prisoner was not represented by counsel.

The government stated that it was not ready to go to trial as its witnesses had no been subpoenaed since it was under the impression that there was to be a guilty plea. The Judge thereupon, in open court, directed that the case be continued to the next term of court and further directed the District Attorney's office and the special investigator, who was in the court room, to make a thorough investigation of the case and if this investigation sustained the charges to have all necessary witnesses present at the next term of court and the case was set for trial at the January 1943 term of court and the defendant being present in the court was so advised and was told that his case would be called on the first day of the January term. The District Attorney was present and fully advised of same.

The January term of court convened on the 18th day of that month and upon the call of the case the defendant failed to appear. The court directed that the bond be estreated and a bench warrant issue. The matter was passed over until the next day and on the 19th, the defendant having been called and failing to appear, appropriate action was taken and a Rule to Show Cause was issued. In the meantime, after the adjournment of the term, the defendant was apprehended on a bench warrant and came before the Court and entered into another recognizance for his appearance for trial at the May term of court at Charleston. The Rule to Show Cause was made returnable on March 1, 1943, and was duly served upon all three of the appellants.

The appellants appeared in response to the Rule to Show Cause and filed a return in which it was stated, in substance, that Thomas C. Paris, the defendant in the criminal case, was led to believe that he would receive further notice before being required to appear before the Court and that the defendant's failure to appear was the result of misunderstanding and misapprehension. Attached to this return were certain affidavits to the effect that the defendant understood that he would be further notified whether or not to come and that such understanding came from Claud N. Sapp, Esquire, United States Attorney for the Eastern District of South Carolina. Mr. Sapp was not present at this hearing, being unable to leave Columbia by reason of having recently suffered a severe injury and not then sufficiently recovered to travel. However, Ben Scott Whaley, Esquire, Assistant United States Attorney, appeared on behalf of the government and made a statement on behalf of Mr. Sapp as to Mr. Sapp's understanding of the happenings in connection with this matter. It was stated in his behalf that he had not informed these parties that they were in any way relieved from attending the court and that if they so construed his remarks it was their own fault in misapprehending his statements.

One of the affidavits filed in support of the return was made by one R. D. Anderson, District Supervisor of Agriculture for Waterboro District, under whom Paris worked, teaching colored children, who was in Charleston trying to aid Paris in his trouble. Anderson stated in his affidavit that after Paris' bond had been arranged District Attorney Sapp told him, Anderson, to "tell Paris to go on back home and go to work and don't do anything until he hears from me", and that he, Anderson, had conveyed that message to Paris.

Another affidavit filed, which was made by A. F. Lever who had interested himself in Paris' behalf, stated that District Attorney Sapp had called him over the telephone, on Saturday before the court met in Charleston on Monday, and asked him to get in touch with Paris and notify him that his case would be called on Monday. Lever endeavored to get word to Paris but failed to do so.

In the order denying the sufficiency of the return to the Rule to Show Cause and forfeiting the recognizance in the full amount of seven hundred and fifty dollars, the Judge below said: "*  *  *. It is unnecessary for me to pass upon what statements, if any, were made by the District Attorney to the defendant or the nature or meaning of same. A ruling was made in open court that the case would be called at the January term, and even if the facts as stated by the defendant Paris that he was misled are correct, or even if the District Attorney did make such statements, they were entirely unauthorized and neither the District Attorney nor any other court official had a right to change or modify or overrule the ruling of the court. I have, therefore, reached the conclusion that the return is insufficient to exonerate the defendants from liability

on the recognizance heretofore entered into."

In stating that it was unnecessary for him to pass upon what statements were made by the District Attorney, we are of the opinion that the Judge below was in error as a matter of law. The District Attorney is the duly accredited prosecuting officer of the government with certain well defined duties with respect to the cases under his control. The defendant Paris and his friends would naturally be influenced by any statement or promise made by the District Attorney. That there was some arrangement, a perfectly proper one, under which the District Attorney was to give Paris some notice before it would be necessary for him to come to court is shown by the fact that the District Attorney did try to get word to Paris.

It is true that promises and representations made by a District Attorney to the defendant are not binding upon the District Judge, who presides at the trial of the case. Yet, in the instant case, the alleged representations of the District Attorney have real evidential value in tending to show that here the default of the defendant was not willful.

The District Attorney was not able to be present on the return day of the Rule but there was certainly no such urgency as would have prevented the court from hearing his statement at a future date.

If the Judge below should, upon investigation, find as a fact that Paris, through some misunderstanding, was acting in good faith in absenting himself from the court on the day set, it would show that the default was not willful.

Section 601, Title 18, United States Code Annotated, provides: "When any recognizance in a criminal cause, taken for, or in, or returnable to, any court of the United States, is forfeited by a breach of the condition thereof, such court may, in its discretion, remit the whole or a part of the penalty, whenever it appears to the court that there has been no willful default of the party, and that a trial can, notwithstanding, be had in the cause, and that public justice does not otherwise require the same penalty to be enforced."

This court has had occasion to consider this statute in two cases; United States v. Robinson, 4 Cir., 158 F. 410; United States v. Nordenholz, 3 Cir., 95 F.2d 756. In the latter case we discussed at length the statute and reached the conclusion that the bondsman had not established the three facts necessary to be shown before relief could be granted from the forfeiture. Here, if the court, after investigation should reach the conclusion that the default was not willful the three conditions required by the statute would be established.

 We think the court was in error in holding that the default should be treated as willful notwithstanding Paris' reliance upon statements made by the District Attorney. The decision must accordingly be reversed and the case remanded to the end that the court may make specific findings with regard to the statements made by the District Attorney and as to the good faith of Paris and in the light of such findings may exercise the discretion vested in him by the statute. If it shall appear that statements by the District Attorney were relied upon by Paris or that his default was not willful but was the result of misunderstanding or honest mistake on his part, the court will doubtless exercise the discretion vested in him to remit the forfeiture, since the purpose of the recognizance is, not to enrich the treasury, but to secure the appearance of the accused. United States v. Smoller, D. C., 275 F. 1011.

Reversed.