**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Daniel Irwin COHEN, Defendant-Appellant.**

**No. 71–1216.**

United States Court of Appeals, Fifth Circuit.

Nov. 19, 1971.

Bill Ellis, Jr., McAllen, Tex. (court appointed), for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., Houston, Tex., Raul A. Gonzalez, Brownsville, Tex., James R. Gough, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

GEWIN, Circuit Judge:

Daniel Irwin Cohen was found guilty by a jury of violating 18 U.S.C. § 3150 by willfully failing to appear for arraignment on an indictment. On appeal Cohen challenges the sufficiency of the indictment, the evidence and the court's instructions to the jury. In view of the facts disclosed by the record

**1020**

it is our conclusion that error was committed in the court's instructions which require that this conviction for bail jumping be reversed and the case remanded for a new trial.

The evidence at trial indicates little dispute over the facts. Cohen was arrested on October 17, 1969, as he was entering the United States from Mexico at Hildalgo, Texas, for failing to register at a point of departure from the United States as a previously convicted marijuana violator. He was taken before the Honorable Laurier B. McDonald, U. S. Commissioner at Edinburg, Texas, on October 18, 1969, and charged with violation of 18 U.S.C. § 1407. On October 21, 1969, Cohen again appeared before the Commissioner and executed a $5,000 appearance bond and an addendum to the bond in order to leave the area. Cohen told the Commissioner that his name was Daniel Irwin Cohen and that his address was 360 East Fiftieth Street, New York, New York 10022. He gave the same address in the addendum as his mailing address for the purpose of receiving notice by mail.

On December 11, 1969, notice was sent to Cohen by certified mail at the New York address that he was to appear for arraignment on December 22, 1969. This letter was returned marked "unknown." Cohen's attorney in Texas mailed a notice of the arraignment to Cohen at the same address and the letter was returned without any reason indicated. The attorney also attempted unsuccessfully to locate Cohen or his father by telephone to notify him of the setting.

On December 22, 1969, Cohen failed to appear for the arraignment and his bond was ordered forfeited. Notice of the forfeiture was sent to Cohen by mail at the New York address on February 5, 1970, and was returned marked, "Moved, Not Forwardable, Addressee Unknown."

A copy of the Final Judgment of the Bond Forfeiture was similarly mailed and returned.

Cohen was arrested by a special customs agent on June 25, 1970, under a bench warrant in an apartment at the New York address which he had given the Commissioner in Texas. The agent testified that there were no mail boxes bearing Cohen's name at the apartment house. The agent said that he described Cohen to the building superintendent and was told that a tenant in apartment 2-C answered that description, but that his name was Daniel Powell. At the time of his arrest Cohen told the agent that he had been advised by his attorney that in the event that he did not hear from the attorney he could assume that the matter had been settled and since he had not heard from the attorney he concluded that the case was closed. The agent further testified that Cohen told him that he was in the importing business and operated under his father's name, Powell— that Powell was the business name that he was using.

Cohen was indicted on October 5, 1970, for jumping bail. The indictment charged a violation in the language of the former statute 18 U.S.C. § 3146 (1966) which at that time had been amended by the Bail Reform Act and recodified at 18 U.S.C. § 3150. Cohen was tried before the court on October 12, 1970, on the charge of failing to register and was found not guilty. Thereafter Cohen was tried on January 22, 1971 on the indictment charging bail jumping and was found guilty.

■ Cohen contends on appeal that the indictment fails to charge an offense. This claim is wholly without merit. Although the indictment was drawn in accordance with the language of the statute prior to amendment and alleged the 30 day grace period following forfeiture of bail,[1] it nevertheless charg-

1. In pertinent part the indictment reads as follows:

The said Daniel Irwin COHEN, after being notified to appear on December 22, 1969, in said Court, for arraignment, did wilfully fail to appear, and the Court ordered a forfeiture of said bail. That thereafter the said DANIEL

ed that Cohen willfully failed to appear after being notified to appear for arraignment on December 22, 1969. The indictment thus sufficiently charged all the material elements of the offense. The allegations concerning the failure to surrender within 30 days was properly treated as surplusage and nothing further was required to put Cohen fully on notice as to the charge against which he had to defend. The indictment was sufficient. Cf. Thomas v. United States, 398 F.2d 531 (5th Cir. 1971); Rule 7(c), Federal Rules of Criminal Procedure.

■■■ Cohen also contends the court erred in denying his motion for acquittal at the close of the government's case. This claim focuses on Cohen's belief that he could not be found guilty of willfully failing to appear where he had not received any notice to appear. This however is not the law. A defendant's failure to appear because he has purposefully engaged in a course of conduct designed to prevent him from receiving notice to appear can clearly be as "willful" as when he receives and deliberately ignores a notice to appear. *See* United States v. DePugh, 434 F.2d 548 (8th Cir. 1970); United States v. Hall, 346 F.2d 875 (2d Cir. 1965). We find there was sufficient evidence to present a jury issue and it was not error to deny the motion for acquittal.

Finally Cohen contends that the court erred in its definition of "willfully" in the charge to the jury and in submitting the case to the jury on a *fault* concept. The Court's charge on the issue of willfulness is ambiguous and confusing. The court's initial discussion of "willfully" although making a single mention of "fault", appears to be generally fair and correct.[2] Near the end of his charge the court summarized the question for the jury.

> Now what we have to decide here is whether or not Daniel Irwin Cohen did anything wilfully to fail to appear here when required. He was required to appear here on December 22nd. Did he have anything to do with wilfully or wilfully do anything to keep himself from appearing here on December 22nd?

However, in his concluding remarks to the jury, the court said:

> But remember that you have to resolve every reasonable doubt in your mind as to every element. First, that this man had been charged with the crime, that he was released on bond, that he made bond, and that after he made bond he failed to appear as required. No question he never got the notice. Was it his fault that he didn't get the notice or not? If it was his fault, then he is guilty. If it wasn't his fault or you have any reasonable doubt as to whether it was or wasn't his fault, then you resolve that doubt

IRWIN COHEN did wilfully fail to surrender himself to the said Court within thirty days following the date of such forfeiture, in violation of Section 3146, Title 18, United States Code.

2. Now the crux of this offense, you will notice there, whoever wilfully—wilfully, see—fails to appear when required. Now there is no question this man did not get the notice to appear on the 22nd. No question about that. He didn't get it. And if that was the whole test, why, we wouldn't have to be here because the thing is was his failure to get the notice his fault.

Now wilfully was put in here so that a man wouldn't be—if in truth and in fact a letter got lost. For instance a notice had been sent to a man and a plane crashed and a letter burned and the man never got it. Well, his failure to appear wouldn't have been a wilful violation because if the plane hadn't fallen and burned and letter lost the man would have been here, see. That's the reasons wilfully was put in there.

Now wilfully as used in the crime charged means that the act was committed by the defendant voluntarily, with knowledge that it was prohibited by law, and with the purpose of violating the law, and not by mistake, accident, or in good faith. An act is done wilfully if done voluntarily and purposely with the specific intent to do that which the law forbids. That is to say with bad purpose either to disobey or disregard the law.

in his favor and say not guilty. That is what this case is about.

■ The court was in error. In the circumstances of this case Cohen may be convicted only if the jury concludes that beyond any reasonable doubt his failure to appear on December 22, 1969, was "willful" because Cohen acted willfully and intentionally to prevent the notice to appear from reaching him. He may not be convicted if his failure to receive notice was because of honest mistake, misunderstanding or accident which is his fault.[3] The court's final statement to the jury invited such a conviction.

The injection of "fault" concepts into instructions concerning a "willful" failure to appear rendered the court's direction to the jury equivocal on the basic issue in the case. Bollenbach v. United States, 326 U.S. 607, 613, 66 S.Ct. 402, 90 L.Ed. 350, 355 (1946). The prejudice to Cohen was further aggravated because the erroneous portion of the instruction was the judge's last word to the jury. "Particularly in a criminal trial, the judge's last word is apt to be the decisive word. If it is a specific ruling on a vital issue and misleading, the error is not cured by a prior unexceptional and unilluminating abstract charge." *Bollenbach*, 326 U.S. at 612, 66 S.Ct. at 405, 90 L.Ed. at 354. The error was clearly prejudicial, *Bollenbach, supra,* and the judgment of conviction and sentence must be reversed and the case remanded for a new trial.

Reversed and remanded.

---

3. United States v. Bourassa, 411 F.2d 69 (10th Cir. 1969).

"The instructions properly laid out the required proof of an offense under 18 U.S.C. § 3150 including, among other things, * * * that he willfully failed to appear; and that willfully meant committed voluntarily and with the purpose of violating the law, and not by mistake, accident, or in good faith." 411 F.2d at 74.

In United States v. Hall, 346 F.2d 875 (2d Cir. 1965) the court approved these supplemental instructions:

"Now, the reason the word willful is in there is so that no one will be convicted of a crime because of a mistake or because he does something innocently, not realizing what he was doing. There is no requirement that he has to know there is a law that makes it a crime to jump bail. All he has to do here to act willfully is to act freely, to act voluntarily, with a deliberate purpose of not being in this Courthouse when he is supposed to be here." 346 F.2d at 879.

Cf. Paris v. United States, 137 F.2d 300 (4th Cir. 1943) [involving bond forfeiture].