STATE OF CONNECTICUT *v.* JOSEPH F. CANDITO
(2622)

DUPONT, C.P.J., BORDEN and SPALLONE, Js.

Argued March 5—decision released May 28, 1985

*Richard S. Cramer,* for the appellant (defendant).

*Judith Rossi,* special assistant state's attorney, with whom, on the brief, were *Carl Schuman* and *Peter Markle,* assistant state's attorneys, for the appellee (state).

DUPONT, C.P.J. The defendant appeals from a judgment of the trial court, rendered after a jury found him guilty of the crime of failure to appear in violation of General Statutes § 53a-172.[1] On May 25, 1982, the defendant pleaded guilty to five felony charges for which the court scheduled sentencing for June 28, 1982.[2] The defendant posted bonds which totaled $75,000, and gave his written promise to appear on all

[1] General Statutes § 53a-172 provides, in pertinent part: "(a) Any person who, while charged with the commission of a felony and while out on bail or released under procedure of law, wilfully fails to appear when legally called according to the terms of his bail bond or promise to appear, is guilty of failure to appear in the first degree."

[2] The charges included larceny in the first degree, possession of a sawed-off shotgun, violation of the state's dependency producing drug laws and two counts of conspiracy to commit larceny in the first degree.

scheduled court appearance dates. The probation officer conducting the presentence investigations was not able to contact and interview the defendant until June 28, 1982, the day of the scheduled sentencing. Consequently, sentencing was postponed until the following day, June 29, 1982, and the defendant was so informed by the probation officer.

The defendant failed to appear in court on June 29, 1982. On July 12, 1982, he was taken into custody by Connecticut authorities in New Jersey, after he had been arrested on a fugitive warrant for his failure to appear for sentencing. After being returned to Connecticut, the defendant was sentenced on the five felony charges.[3] On July 29, 1983, the court rendered judgment on the jury verdict of guilty of the crime of failure to appear.

On appeal from that judgment, the defendant claims that the trial court erred: (1) in finding that the evidence of wilfulness was sufficient to support the jury verdict; (2) in imposing a sentence which violated the defendant's constitutional rights to due process and to equal protection, and his right to a jury trial; (3) in failing to instruct the jury that its consideration of judicially noticed facts did not constitute a conclusive finding; and (4) in improperly admitting into evidence the specific charges pending against the defendant at the time he failed to appear.

The defendant contends that the jury's verdict that he was guilty of wilful failure to appear, in violation of General Statutes § 53a-172, was not reasonably supported by the evidence. The defendant claims, therefore, that the trial court should have granted his motion for a judgment of acquittal. The standard of appellate review of a denial of a motion for a judgment of acquit-

---

[3] The defendant was sentenced to fifty-four to fifty-five months and was fined $5000.

tal has been settled by judicial decision. *State* v. *Heinz,* 193 Conn. 612, 625, 480 A.2d 452 (1984). The issue to be determined is whether the jury could have reasonably concluded, from the facts established and the reasonable inferences which could be drawn from those facts, that the cumulative effect was to establish guilt beyond a reasonable doubt. *State* v. *Duhan,* 194 Conn. 347, 355, 481 A.2d 48 (1984); *State* v. *Heinz,* supra, 625. The facts and the reasonable inferences stemming from the facts must be given a construction most favorable to sustaining the jury's verdict. *State* v. *Heinz,* supra.

The trial court instructed the jury as follows: "In the state of Connecticut the word 'willfully' as used in this statute implies the doing of a forbidden act, purposefully in violation of the law." That statment of the law is legally correct. *State* v. *Hoskins,* 35 Conn. Supp. 587, 596, 401 A.2d 619 (1978). In order to prove the "wilful" element of General Statutes § 53a-172, the state must prove beyond a reasonable doubt either that the defendant received and deliberately ignored a notice to appear or that he intentionally embarked on a course of conduct designed to prevent him from receiving such notice. *United States* v. *Cohen,* 450 F.2d 1019, 1021 (5th Cir. 1971); *State* v. *Hoskins,* supra, 596-97.

Here, the proof of wilfulness depended on inferences reasonably drawn from the direct evidence presented by the state, particularly the testimony elicited from the interviewing probation officer, which indicated that the defendant received unambiguous notice of the June 29 court date. Furthermore, the defendant was aware of his conviction of five felonies and of the maximum punishment for each felony. In addition, the defendant was found, less than two weeks later, not in Connecticut, but in another state. From this evidence, the jury could reasonably infer that the defendant knew of his responsibility to appear in court on June 29, 1982, that he expected to receive a substan-

tial sentence, and that he fled the state rather than face almost certain incarceration. See *State* v. *Nemeth*, 182 Conn. 403, 407–408, 438 A.2d 120 (1980). From the evidence, the jury could reasonably conclude that the defendant had received notice of the date of his court appearance, and that he had deliberately ignored that notice.

The court sentenced the defendant on the conviction for wilful failure to appear to a period of imprisonment not to exceed three years. Prior to the sentencing of the defendant, a co-defendant had received a two-and-one-half year sentence after pleading guilty to the same charge. The defendant claims that the fact he received a harsher sentence than his co-defendant for an identical offense, suggests that the sentencing court penalized him for having exercised his constitutional right to a jury trial. He does not, however, make any claim that his sentence exceeded the statutory limits or that the court relied on improper criteria in determining the sentence.

Sentencing is an individualized procedure in which the court has the grave responsibility to determine and impose, within applicable statutory limits, the appropriate punishment for a particular defendant. *Williams* v. *New York*, 337 U.S. 241, 246-49, 69 S. Ct. 1079, 93 L. Ed 1337 (1949). The sentencing of a defendant to a term of punishment within the statutory limits for the offense charged, and with the use of proper criteria, represents a proper exercise of a court's discretion and is not reviewable on appeal. *State* v. *Nardini*, 187 Conn. 109, 119, 445 A.2d 304 (1982).

One co-defendant is not a criminal clone of the other. The receipt by one of a harsher sentence, after a trial and conviction, than the other, after a guilty plea, does not inexorably lead to a conclusion that there has been an unconstitutional punishment for the exercise of sixth

amendment rights. *State* v. *Sober,* 166 Conn. 81, 93–95, 347 A.2d 61 (1974). It is usually impossible to compare one sentence with another for the same crime because, although the elements of an appropriate sentence remain constant, the difference between or among defendants is variable. Punishment must fit the criminal as well as the crime. The defendant has not carried his burden of persuasion that the difference between his sentence and the sentence of his co-defendant was the result of penalizing him for having exercised his right to a jury trial.

The defendant also claims that his right to equal protection of the laws was denied as a result of the sentence imposed. Equal protection of the laws is a constitutional shield provided by the fourteenth amendment to the United States constitution which prohibits unequal treatment by the law of those who are similarly situated. *Henry* v. *White,* 359 F. Sup. 969, 971 (D. Conn. 1973); *New Haven Metal & Heating Supply Co.* v. *Danaher,* 128 Conn. 213, 218–19, 21 A.2d 383 (1941). Co-defendants are not without variance, and need not, in terms of punishment, be treated similarly because they are rarely, if ever, exactly similar. There is no support in this record for a conclusion of unconstitutional disparate treatment.

The defendant further claims that the court erred in failing to instruct the jury that any judicially noticed fact was not a conclusive finding and did not bind the jury on any element of the crime charged. The state offered into evidence five criminal files, each pertaining to a specific criminal information for which the defendant was to be sentenced on the day he failed to appear. The defendant concedes that the trial court could take judicial notice of the files. The trial court, in its charge to the jury, commented: "I took Judicial Notice of the contents of the file and I tell you that this is a fact which you *may* find, that he was charged with

the commission of five felonies when the State claims he was supposed to appear . . . ." (Emphasis added.)[4]

The defendant neither submitted a request to charge on the issue nor excepted to the charge on that basis. Claims of error involving the trial court's instructions to the jury not raised at trial need not be considered on appeal. Practice Book §§ 854 and 3063. Although the defendant makes no overt claim that the exception set forth in *State* v. *Evans,* 165 Conn. 61, 65–66, 327 A.2d 576 (1973), should be applied here, his claim is reviewable only if it falls within the narrow "Evans bypass rule," and if he makes a showing specifically supported in the record that he has been deprived of a fundamental constitutional right. *State* v. *Failla,* 1 Conn. App. 524, 528, 473 A.2d 1233 (1984). This claim of error, under the circumstances, does not implicate the defendant's constitutional right to a fair trial and we therefore decline to review this claim. See *State* v. *Fullwood,* 193 Conn. 238, 258–60, 476 A.2d 550 (1984); *State* v. *Packard,* 184 Conn. 258, 281–82, 439 A.2d 983 (1981).

The trial court's charge was legally correct and presented the case to the jury in a just and fair manner. *State* v. *Stepney,* 191 Conn. 233, 247, 464 A.2d 758 (1983), cert. denied, 465 U.S. 1084, 104 S. Ct. 1455, 79 L. Ed. 2d 772, reh. denied, 466 U.S. 954, 104 S. Ct. 2163, 80 L. Ed. 2d 547 (1984). The trial court's charge fully articulated each element of the crime charged, repeatedly stressed the state's burden of proof on each element, and repeatedly emphasized the jury's factfinding function. Furthermore, the isolated portion of the

[4] The court also took judicial notice of the appearance bonds, the guilty pleas, orders for presentence investigation reports, the original sentencing date, the bond forfeitures and the sentence ultimately imposed on each file.

charge criticized by the defendant indicated that the jury was not bound by the trial court's action in taking judicial notice of the files since the trial court used the word "may" rather than "shall."

The defendant also claims that the trial court erred in admitting into evidence the specific crimes of which he had been found guilty at the time he failed to appear. Normally, evidence concerning other crimes of which the defendant has been charged or convicted, due to its prejudicial nature, is inadmissible. *State* v. *Geyer,* 194 Conn. 1, 5, 480 A.2d 489 (1984). Such evidence is admissible, however, if it is probative of motive, intent, identity, a system of criminal activity, or the credibility of the defendant's testimony. Id., 6.

In this case, the evidence admitted concerning the felony charges was highly probative of two elements of the crime of failure to appear. The probative value outweighed any prejudice to the defendant. The state had to prove beyond a reasonable doubt that the defendant "while charged with the commission of a felony," "wilfully" failed to appear. The five felony charges to which the defendant pleaded guilty were serious crimes involving a gun, drugs, and burglary for which he faced sentencing and probable incarceration when he failed to appear. Evidence of these underlying offenses was both relevant and material to two elements of the crime of failure to appear and was properly admitted by the trial court.

There is no error.

In this opinion the other judges concurred.