NIMMONS, Judge.
Appellant, convicted in a jury trial of willful failure to appear,[1] contends that his motion for judgment of acquittal should have been granted on the ground that the evidence was insufficient to support a finding that his failure to appear was willful. We disagree and affirm.
Whoever, having been released pursuant to chapter 903, willfully fails to appear before any court or judicial officer as required ... shall (a) If he was released in connection with a charge of felony ... be guilty of a felony of the third degree....
In February 1986, appellant, in jail on felony charges, was released on a cash appearance bond under the name of “Ted Johnson.” The court was provided two addresses: the Tallahassee address of a woman who provided appellant’s bond money, and appellant’s alleged permanent address in Chicago. In April 1986, notice of appellant’s June 1986 trial date was sent to both addresses and to appellant's counsel. The notice sent to the Chicago address was returned as undeliverable; the notice sent to the Tallahassee address was not returned and there is no evidence as to whether it was received.
Appellant did not appear for his trial, his attorney orally representing to the court that the defendant, “as far as I know, is not here today and I have no explanation.” A capias was immediately issued and appellant was arrested in August 1986. At the time of his apprehension, he identified himself as “Leonard C. Hearns.” He also told one of the arresting officers that he had used other names, including “Ted Johnson.” The next day he identified himself as “Jerol Hearns.”
At appellant’s trial on the failure to appear charge, defense counsel informed the jury that he would be referring to appellant as Jerol Hearns “because that is his real name.” There was no showing that appellant ever received actual notice of his trial date.[2] Appellant did not testify.
We hold that the above facts are sufficient to support the jury’s finding that appellant’s failure to appear was willful. As we held in McGee v. State, 438 So.2d 127 (Fla. 1st DCA 1983), a showing that the *1037 defendant received and ignored actual notice of the date of the proceeding is not essential to a showing of willful failure to appear, where the circumstances otherwise demonstrate the defendant’s intention not to appear. In McGee we noted evidence that McGee had deliberately and willfully taken action to avoid receipt of notice.
In the instant case, appellant gave a false name when arrested and bonded out and then wasn’t heard from again until his arrest six months later, at which time he utilized yet another alias. The federal courts have found the use of false names relevant in establishing willful failure to appear. United States v. Yates, 698 F.2d 828 (6th Cir.1983); United States v. Willis, 647 F.2d 54 (9th Cir.1981); United States v. Brozyna, 571 F.2d 742 (2d Cir.1978); United States v. Bright, 541 F.2d 471 (5th Cir.1976); United States v. Cohen, 450 F.2d 1019 (5th Cir.1971).[3] Additionally, the permanent address which appellant provided was of no avail in contacting him, at least under the name by which he was known to the court. Circumstantial evidence may demonstrate willfulness, and the evidence in this case supported a conclusion that appellant had no intention of appearing for trial, regardless of his knowledge (or lack thereof) of his trial date. See U.S. v. Clemons, 676 F.2d 124 (5th Cir. 1982).
Cohen, supra, is distinguishable. There the court elaborated on the willfulness element. The trial court was found to have committed reversible error by instructing the jury as follows: “Was it his fault that he didn’t get the notice or not? If it was his fault, then he is guilty. If it wasn’t his fault or you have any reasonable doubt as to whether it was or wasn’t his fault, then you resolve that doubt in his favor and say not guilty. That is what this case is about.” We agree with the holding of the Cohen court, which is consistent with the definition of “willfulness” found in the Florida Standard Jury Instructions in Criminal Cases, Second Edition, to wit: “Willfully means intentionally, knowingly and purposely.” [4]
AFFIRMED.
ERVIN and.JOANOS, JJ., concur.

. Section 843.15(l)(a), Florida Statutes (1987) provides in part:

. There is no evidence as to whether appellant was in contact with his attorney (who represented him on the failure to appear charge as well as on the underlying charges) at the time of his failure to appear. The record does indicate that at the time of appellant’s nonappearance, his counsel still knew him as ‘Ted Johnson.”

. As we noted in McGee, supra, case law construing Section 843.15 is sparse, but federal decisions construing 18 U.S.C. Section 3150, the substantially similar federal statute, are persuasive. See generally, Lewis, The “No-Show" Defendant; An Examination of Florida’s Bail-Jumping Statute, Fla.BJ. 24 (Feb. 1987); Annot., Failure of Person, Released Pursuant to Provisions of Federal Bail Reform Act of 1966 (18 U.S.C. Sections 3141 et seq.), to Make Appearance as Subjecting Person to Penalty Provided for by 18 U.S.C. Section 3150, 66 A.L.R.Fed. 668 (1984).

. Although there is no standard instruction on offenses trader Section 843.15, the Standard Jury Instructions, page 130, utilizes this definition for the offense of criminal mischief, and we have held that this definition properly sets forth the applicable legal standard. Patterson v. State, 512 So.2d 1109 (Fla. 1st DCA 1987).