876 F.2d 1008
 278 U.S.App.D.C. 130
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America,
v.
Brian R. WASHINGTON, Appellant.
 No. 88-3099.
 United States Court of Appeals, District of Columbia Circuit.
 June 14, 1989.
 
 Before MIKVA and STEPHEN F. WILLIAMS, Circuit Judges, and HUBERT L. WILL,* Senior District Judge.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from the United States District Court for the District of Columbia, and on briefs filed by the parties and argument by counsel. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.R. 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that the judgment of the district court is affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 FURTHER ORDERED, by the court, sua sponte, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15. This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.
 
 MEMORANDUM
 
 4
 This criminal appeal presents two search and seizure issues: whether exigent circumstances existed to justify a warrantless search, and whether police officers complied with the federal "knock and announce" statute, 18 U.S.C. Sec. 3109. In addition, the appellant alleges that the district court erred in permitting the prosecutor to cross-examine him and two defense witnesses regarding other crimes that he may have committed, and that insufficient evidence supported his conviction on firearms and bail-jumping charges. We affirm the conviction.
 
 I.
 
 5
 Appellant first argues that the search was illegal. On November 24, 1987, two metropolitan police officers, responding to an anonymous complaint, entered an apartment building at 4209 4th Street, S.E. Another went around to the back of the building to prevent any possible escape. When the two officers entered the common hallway of the building's ground floor, they immediately recognized the odor of PCP emanating from appellant's apartment. The officers knocked on the door several times and announced, "Police; open up." They received no answer, but could hear somebody running inside the apartment. Looking through the peephole of the door, one of the officers could see someone inside peering out at him. The officer held up his badge and again announced himself. Rather than opening the door, the person inside ran away. Soon the officers heard a scuffle-like noise, as if the ceramic top of a toilet was being moved off the toilet tank. The officer in the back of the building radioed to the other two that he could see someone pouring a liquid into the toilet. After knocking again and waiting a minute or two, the officers kicked in the door. Appellant was apprehended as he attempted to crawl out a bedroom window. An officer went to the bathroom and discovered in the toilet a .357 Smith & Wesson revolver and 15 small vanilla extract bottles, each containing one ounce of a chemical later determined to be PCP. No further search of the apartment was conducted until the officers obtained a warrant.
 
 
 6
 We find that exigent circumstances existed in this case and that neither the fourth amendment nor the "knock and announce" statute was violated. One of the officers testified that he saw someone in the bathroom pouring a liquid down the toilet, and there was thus the very real possibility that evidence was being destroyed. This is a well recognized exigency, see United States v. Tartaglia, 864 F.2d 837, 840 (D.C.Cir.1989), and justified the officers' failure to state their purpose as ordinarily required by 18 U.S.C. Sec. 3109, see United States v. Bonner, No. 88-3042, slip op. at 10-11 (D.C.Cir. May 12, 1989); United States v. James, 764 F.2d 885, 888 (D.C.Cir.1985). It is immaterial that the police waited a minute or two after receiving the information that evidence was being destroyed before they broke the door down, see United States v. Whitfield, 629 F.2d 136, 141-42 (D.C.Cir.1980), cert. denied, 449 U.S. 1086 (1981). Nor did the availability of a telephonic warrant under Fed.R.Crim.P. 41(c)(2) render the search unreasonable, see United States v. McEachin, 670 F.2d 1139, 1146 (D.C.Cir.1981). In addition, the possibility that the PCP fumes might have caused an explosion of the building also justified the search. It is of no consequence that the officers first eliminated the source of the PCP fumes, which according to their testimony were growing stronger, before notifying the fire department and evacuating the building.
 
 II.
 
 7
 Appellant also contends that the district court erred in permitting the prosecutor to cross-examine appellant and two defense witnesses as to other crimes that appellant may have committed. We find that the questions related to issues of material fact that appellant had addressed in his direct testimony: whether his failure to appear in court on March 16 was willful, and whether he used or carried a firearm in relation to his drug trafficking crime. The subjects of the cross-examination were proper under Fed.R.Evid. 403 and 404(b).
 
 
 8
 Nor did the manner in which the cross-examination was conducted justify a mistrial. At trial, appellant's counsel did not move to strike the prosecutor's questions, and he pronounced himself satisfied with the court's curative instruction, which stated that the questions were not evidence. Decisions concerning the mode in which witnesses are interrogated lie within the sound discretion of the trial judge, Fed.R.Evid. 611(a), (b), and the district court's decision in this case was not plain error.
 
 III.
 
 9
 We also find that sufficient evidence supported both the firearm and bail-jumping charges. Appellant himself admitted bringing the gun into the apartment in which he was apprehended, and it was found by the police fully loaded and operational in the toilet with the PCP bottles. Physical control of a gun during a drug offense is unnecessary; it is enough that a gun was present and available. See United States v. Matra, 841 F.2d 837, 843 (8th Cir.1988).
 
 
 10
 In addition, there was evidence that appellant's failure to appear in court on March 16 was willful. Appellant had arrived tardily on the 15th and had been told repeatedly by the trial judge that he was to be at court the next day at 9:30 a.m. On the 16th, appellant did not appear and was arrested later that day. Appellant claimed that he passed out from heavy drinking and did not wake up until noon on the 16th. The jury, however, was free to disbelieve his testimony. In addition, appellant purposefully engaged in behavior which he knew or should have known would preclude his court appearance the next morning. This was "willful" conduct, see United States v. Cohen, 450 F.2d 1019, 1021 (5th Cir.1971).
 
 
 11
 * * *
 
 
 12
 * * *
 
 
 13
 Appellant's conviction is affirmed on all counts.
 
 
 
 *
 Senior District Judge Hubert L. Will, U.S. District Court for the Northern District of Illinois, sitting by designation pursuant to 28 U.S.C. Sec. 294(d)