BENTON, C.J.
 

 Basilio Corrales appeals his conviction for failing to appear “before any court ... as required,” in violation of section 843.15(l)(a), Florida Statutes (2009). He contends there was no proof of willfulness — or any evidence that he was even aware that the hearing he failed to attend had been scheduled. We reverse.
 

 On September 21, 2009, Mr. Corrales was arrested on three drug charges, then released on bond two days later. At a hearing on April 8, 2010, he appeared through counsel, but was not present personally. At the April 8 hearing, the case was continued
 
 ore terms
 
 to April 22, 2010. After Mr. Corrales failed to appear at the April 22 hearing, a capias issued, and he turned himself in on June 17, 2010. The next day the state amended the information to add another charge: “Failure to Appear” on April 22, 2010.
 

 The jury acquitted on the drug charges but found appellant guilty of failure to appear at the April 22, 2010 hearing. At trial, the state put the capias in evidence, and Joy Mason, an employee of the Walton County Clerk of Court, testified that appellant was given oral notice of the April 22 hearing “through his defense attorney on April the 8th.” On cross-examination,
 
 *408
 
 Ms. Mason testified that she did not know why appellant missed the date or whether anyone in the clerk’s office had ever spoken to Mr. Corrales. Ms. Mason also confirmed that the clerk’s office had an address for Mr. Corrales and had mailed notices to him in the past, but that it did not mail him notice of the April 22 hearing.
 
 [1]
 

 Immediately after Ms. Mason’s testimony, the state rested and Mr. Corrales moved for judgment of acquittal. He argued that the state had put on no evidence that his failure to appear was willful, and specifically that the jury could not infer willfulness or intent in the absence of any evidence he ever received notice. The trial court denied the motion.
 

 To convict under section 843.15(l)(a), Florida Statutes (2009),
 
 [2]
 
 requires proof of willfulness beyond a reasonable doubt.
 
 See Williams v. State,
 
 876 So.2d 27 (Fla. 1st DCA 2004). While there is no standard jury instruction for offenses under section 843.15, we upheld the use of an instruction in one prosecution under section 843.15 in which the jury was told that “[wjillfully means intentionally, knowingly, and purposely.”
 
 Patterson v. State,
 
 512 So.2d 1109, 1109-10 (Fla. 1st DCA 1987). The willfulness requirement assures that “no one will be convicted of a crime because of a mistake or because he does something innocently, not realizing what he was doing.”
 
 United States v. Hall,
 
 346 F.2d 875, 879 (2d Cir.1965) (approving trial judge’s response to jury’s question concerning meaning of willfulness).
 

 The Fifth District has ruled categorically that the crime of failure to appear is not proven where the accused was not notified to appear.
 
 See Lewis v. State,
 
 380 So.2d 1191 (Fla. 5th DCA 1980) (“Because the evidence is unrefuted that the accused was not notified to appear, we must deem the failure to appear to be not willful and thus not a crime.”).
 
 See also Williams,
 
 876 So.2d at 27 (conviction reversed where evidence, viewed in a light most favorable to the state, showed that defendant was never given notice that his hearing date had been changed).
 

 In the present case, the state offered no evidence that Mr. Corrales was personally notified or that he willfully failed to appear. The state relied solely on oral notice given to Mr. Corrales’ attorney in open court when the appellant was not present. To be sure, notice to an attorney may sometimes be imputed to the client. Counsel may bind her client in civil litigation in ways that are not allowed in criminal proceedings.
 
 See Reizen v. Fla. Nat’l Bank at Gainesville,
 
 237 So.2d 30 (Fla. 1st DCA 1970) (holding service of papers upon attorney was an adequate predicate for civil contempt judgment, whether or not client had notice).
 
 See also State v. White,
 
 794 So.2d 682, 683 (Fla. 2d DCA 2001) (reversing dismissal on statute of limita
 
 *409
 
 tions grounds because “[e]ven if White did not have personal knowledge that the information was filed ... his attorney did”);
 
 State v. Grooms,
 
 389 So.2d 313, 314 (Fla. 2d DCA 1980) (holding defendant’s failure to appear for trial of which counsel had notice precluded later discharge under speedy trial rule).
 

 But none of these cases stands for the proposition that a citizen may be guilty of a crime based solely on notice to his attorney.
 
 See State v. Blackbird,
 
 187 Mont. 270, 609 P.2d 708, 710 (1980) (finding a jury instruction for bail-jumping erroneous where it allowed the jury to presume a “client has notice and knowledge if his attorney has notice and knowledge”). To convict under section 843.15(l)(a) requires proof that the nonappearance was knowing and willful. We have found evidence of willfulness where a defendant gave a false name when arrested and bonded out, not to be heard from again until an unrelated arrest,
 
 Johnson v. State,
 
 530 So.2d 1036 (Fla. 1st DCA 1988); and where the defendant had taken deliberate actions to evade all communications from his counsel and the bondsman to avoid receiving any notice, as in
 
 McGee v. State,
 
 438 So.2d 127, 129-30 (Fla. 1st DCA 1983).
 
 See also Godwin v. State,
 
 501 So.2d 154, 155-56 (Fla. 1st DCA 1987) (finding, in dicta, that willfulness could not be proven merely by showing that defendant knew jury selection was occurring and claimed an illness prevented his attendance).
 
 Cf. Wilson v. State,
 
 776 So.2d 347, 349-50 (Fla. 5th DCA 2001) (fact that defendant left the courthouse after being advised a capias had been issued, even though he returned two hours later, was sufficient to establish willfulness),
 
 disapproved on other grounds, Kelso v. State,
 
 961 So.2d 277 (Fla.2007).
 

 The Federal Courts of Appeals have been clear that a willful failure to appear must be proven beyond a reasonable doubt, and have held this requires proof of specific intent which cannot be inferred from the fact of notice alone.
 
 See United States v. Wilson,
 
 631 F.2d 118, 119 (9th Cir.1980).
 
 See also United States v. James,
 
 440 F.Supp. 1137, 1139 (D.Md.1977) (record failed to prove willfulness where it only showed defendant was notified of trial date and failed to appear).
 
 But compare United States v. Cohen,
 
 450 F.2d 1019, 1021 (5th Cir.1971) (defendant moving to a new address and changing his name in order to prevent receiving notice, was sufficient proof of willful intent);
 
 United States v. DePugh,
 
 434 F.2d 548, 551-53 (8th Cir.1970) (willfulness held proven by evidence that defendant moved, left no forwarding address for the court or his attorneys, and notice was given to defendant’s wife by both the clerk and defendant’s attorney).
 

 The Sixth Circuit upheld a conviction for willfully failing to appear in
 
 United States v. Yates,
 
 698 F.2d 828 (6th Cir.1983), where the evidence showed that counsel had received notice, and his client had taken steps to avoid being informed. The government proved, first, that Yates was not a stranger to criminal proceedings; that he had actively participated in the trial and appeal in question; that he was in more or less constant contact with his attorney until his final appeal was denied; and that he engaged in a course of conduct to prevent receiving notice that his conviction had been affirmed: fleeing, leaving no way to be contacted, and using assumed names.
 
 Id.
 
 at 830-31.
 

 In the present case, the state failed to put on evidence from which the jury could find, beyond a reasonable doubt, that Mr. Corrales willfully failed to appear on April 22, 2010.
 
 See Johnston v. State,
 
 863 So.2d 271, 283 (Fla.2003). The state proved he was absent on that date, but
 
 *410
 
 established only that Mr. Corrales’ attorney had been notified that the case was to be continued until April 22, 2010. The state presented no testimony
 
 [3]
 
 or other evidence that Mr. Corrales’ attorney, or anyone else, relayed — or sought to relay— the hearing date to Mr. Corrales. Nor did the state present any evidence, aside from notice to counsel, suggesting any intention on Mr. Corrales’ part to fail to appear for the hearing. We hold that, without more, proof of notice to an attorney of a court proceeding is insufficient to make the client criminally liable for failing to attend.
 

 Reversed.
 

 DAVIS and MARSTILLER, JJ„ concur.
 

 [1]
 

 . The record shows notices of court hearings were regularly mailed to Mr. Corrales until January 21, 2010, after which no notices were mailed to him until the practice resumed after April 22, 2010.
 

 [2]
 

 . Section 843.15, Florida Statutes (2009), provides in part:
 

 (1) Whoever, having been released pursuant to chapter 903,
 
 willfully
 
 fails to appear before any court or judicial officer as required shall incur a forfeiture of any security which was given or pledged for her or his release and, in addition, shall:
 

 (a) If she or he was released in connection with a charge of felony or while awaiting sentence or pending review by certiorari after conviction of any offense, be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084....
 

 (Emphasis supplied.)
 

 [3]
 

 . Without revisiting the question here, we note that a lawyer's communication of trial dates to a client has been held to be "intended to be disclosed to third persons” and therefore outside the protection of the attorney-client privilege.
 
 Watkins v. State,
 
 516 So.2d 1043, 1046 (Fla. 1st DCA 1987).